ORLEANS.<br>*March,*<br>1840.<br>—<br>Ives<br>*v.*<br>Allyn.

---

## HENRY B. PERKINS *v.* MOODY RICH.

In actions on promissory notes, sued before justices of the peace, it must appear either from the declaration, or from the indorsements on the note or notes, that the sum due is less than one hundred dollars, or the case will be dismissed on motion.

A motion by defendant to dismiss such action on the ground that the declaration does not show the sum due to be less than one hundred dollars, is premature. The defendant should wait until the plaintiff produces his note in the course of the trial

In doubtful cases of this character, all intendments will be in favor of the jurisdiction.

Where the plaintiff claims to reduce the amount due upon a promissory note below one hundred dollars, by payments not indorsed upon the note, he must set such payments forth in the declaration.

If a payment is alleged in general terms, without time or place, it will be presumed to have been made at the date of the note.

THIS was an action of assumpsit originally brought before a justice of the peace by the indorsee against the maker of a promissory note. The original declaration stated " that the " defendant, on the 6th of December, 1823, by his note of

" that date, under his hand, promised to pay to Sanford
" Steele or his order $75, in one year from date of the said
" note with interest, and said note was afterwards, on the
" 10th day of December, A. D. 1838, by the said Sanford
" Steele indorsed to the plaintiff for value received—which
" said note has not been paid though often demanded, ex-
" cept $35,00, to the damage of the plaintiff $100" &c.

In the justice's court, the plaintiff recovered a judgment
for $84,09 damages, and costs. From this judgment, the
defendant appealed to the county court. Upon the entry of
the appeal in the county court, the plaintiff filed a new de-
claration, in which he omitted to state the payment of $35,
and demanded, in damages, $300.

The defendant moved the county court to dismiss the suit,
because it appeared from the record that the justice, before
whom the action was originally brought, had no jurisdiction
of the suit. The county court sustained the motion and dis-
missed the suit, and the plaintiff excepted to the decision.

*J. Cooper*, for the plaintiff, in support of the jurisdiction
of the justice, cited, Comp. Stat: 140. *Bank of Middle-
bury* v. *Tucker et al.* 7 Vt. R. 146. *Hair* v. *Bell*, 6 Vt.
R. 35. *Stevens* v. *Howe*, id. 576. *Thompson* v. *Colony*,
id. 94. *Walbridge* v. *Hall*, 3 Vt. R. 114. *Southwick et
al.* v. *Merrill*, id. 320 and cases there cited. 2 Burr. 655,
4 id. 1996.

— *Prentiss*, argued for the defendant, and cited *Thomp-
son* v. *Colony*, 6 Vt. R. 94, and *Catlin* v. *Aiken*, 5 Vt. R.
180.

The opinion of the court was delivered by

REDFIELD, J.—In this case the county court dismissed the
cause for want of jurisdiction in the justice's court, where the
suit was brought, and from whence it came into the county
court by appeal. In order to justify that judgment, which
was rendered upon the motion of defendant, we must be sat-
isfied, that, at the time of rendering the judgment, it did appear
judicially, that the county court had not jurisdiction of the
cause. In a case of doubtful import, upon a question of jur-
isdiction, the intendment will always be in favor of that court,
where the case is in fact brought. If this were not so the
suit might be dismissed in one court, because it did not ap-

pear affirmatively that the case came within the limits of the jurisdiction of that court, and the same case, when instituted in another court, be there dismissed for the same reason.

So far as any thing can be determined from the declaration, in an appealed case, in regard to the jurisdiction, it is obvious that reference should be had to the original declaration, and not to the declaration filed in the appellate court. The new declaration is but an amplification of the former one, and for the purposes of compliance with the established precedent. It cannot give a jurisdiction, which before did not exist. *Thompson* v. *Colony*, 6 Vt. R. 94. Neither should it be construed to take away one, which before did exist.

As the jurisdiction of county and justice courts is exclusive, it is sometimes difficult to fix definite limits to determine the extent of each. In the greatest number of cases this question is determined by the *ad damnum* clause in the declaration. In all actions of tort and of contract, where the amount of damages is wholly uncertain and subject to estimation, the plaintiff is allowed to choose his court, by limiting his claim for damages below one hundred dollars. This can never do injustice to the defendant, as it is only a privilege to reduce a claim for damages.

When the contract itself stipulates the *quantum* of damages and this appears, either from the declaration, or the plaintiff's exhibits, questions of jurisdiction will be determined thereby.

But there are many cases, where the matter of jurisdiction is made to depend upon the plaintiff's evidence, instead of his declaration or exhibits. This may, no doubt, lead to some inconveniences, but it has for many years been the settled law of the state, and I am not aware that it has led to any serious embarrassments in practice. This is the case in regard to actions of book account, where the debit side of the plaintiff's book is the criterion of jurisdiction. In debt upon judgment, it was held to depend upon the amount, which appeared to be due by the indorsements on the execution. *Southwick et al.* v. *Merrill*, 3 Vt. R. 320. It was decided by this court, too, that the matter of jurisdiction, in an action of trover, depended upon the plaintiff's evidence. *Ladd* v. *Hill*, 4 Vt. R. 164. The same rule was extended to the action of assumpsit, *Morrison* v. *Moore*, 4 Vt. R. 264. This court on

the present circuit extended the same rule to actions of trespass *de bonis.* *Kittredge* v. *Rollins et al.* (*ante,* 545.)

The statute, in relation to promissory notes, was evidently intended to fix the question of jurisdiction on a similar basis. That statute provides, in express terms, that when it shall appear, either "from the plaintiff's declaration or the indorsement or indorsements on the note," that the sum due does not exceed one hundred dollars, the justice shall have jurisdiction. It is, then, too apparent to require illustration or argument, that this matter need not appear from the declaration alone, but may appear from the note and indorsements. Any motion to dismiss an action on note, in a justice's court, founded upon the declaration alone, is premature and should be overruled. The defendant must wait until the note is presented in the course of the trial, and then interpose his motion to dismiss, if necessary. It will appear, from the above rule, that when the plaintiff in an action on note, which on its face shows more than one hundred dollars due, brings his suit before a justice of the peace, on the ground that the sum due has been reduced below one hundred dollars, by payments not indorsed, he should set forth these payments in his declaration. For the statute is express, that the sum due must appear, either from the declaration, or the indorsement or indorsements on the note.

In looking into the record in this case, it is evident, that it does appear from the declaration, made when the writ issued, that the sum due upon the note was less than one hundred dollars. It is there alleged, that the note is unpaid except $35. As no date is affixed to this payment, and the intendment is in favor of the jurisdiction, and against the plaintiff in regard to the amount due upon the note, it will be presumed to have been made at the date of the note. So that the sum due upon the note will not now exceed the limit of a justice's jurisdiction.

Judgment of county court reversed and the motion to dismiss overruled and cause remanded for further proceedings.