## Burr *against* Bayne.

In an action of trespass *de bonis asportatis,* upon a question of jurisdiction, the sum in controversy is to be determined by the amount demanded in the declaration, and not by the proof of the value of the goods or by the verdict and judgment.

ERROR to the district court of *Allegheny* county.

This was an action of trespass *de bonis asportatis* by Betsy Burr against Andrew Bayne.

The plaintiff, in her declaration, laid the goods to be of the value of 150 dollars, and claimed damages to the amount of 200 dollars.

On the trial the plaintiff proved the taking of the goods, and that they were of the value of 64 dollars.

The court below, being of opinion, from the plaintiff's own showing, that the amount in controversy did not exceed 100 dollars, dismissed the suit for want of jurisdiction.

*Black,* for plaintiff in error, cited 4 *Whart.* 245; 3 *Dall.* 401; 3 *Serg. & Rawle* 462; 9 *Serg. & Rawle* 294.

*M'Candless,* for defendant in error, referred to the act constituting the district court, and limiting its jurisdiction to cases exceeding 100 dollars. Act of 1832–3, *Pamph. Laws* 305.

The opinion of the court was delivered by

Rogers, J.—In the enacting part of the first section of the act establishing a district court, general jurisdiction is given, over all civil actions, whether real, personal or mixed. But in the proviso it is enacted, that the court shall have no jurisdiction, either originally or by appeal, except when the sum in controversy shall exceed 100 dollars. On the trial, the plaintiff's witnesses proved the property to be worth about 64 dollars, whereupon the court dismissed the suit, for want of jurisdiction, because, as they said, it appears from the plaintiff's own showing, the amount in controversy was under 100 dollars. If the value of the goods, as proved, was necessarily the measure of damages, the decision of the court

would be correct; but it must be remembered, that the value of the goods is laid in the declaration at 150 dollars, that the plaintiff lays his damages at 200 dollars, and that the action is trespass *de bonis asportatis,* and not for the recovery of money on a contract.    In this, and similar cases, the sum in controversy is to be determined by the amount demanded in the declaration, and the value of the goods there laid.    In Wilson *v.* Daniel, 3 *Dall.* 401, it is ruled, that the sum in dispute is not to be determined by the verdict or judgment, but that the thing demanded, and not the thing found, constitutes the matter in dispute between the parties.    A distinction is taken between actions on contract and in tort.    The same principles are ruled in Bazire *v.* Barry, 3 *Serg. & Rawle* 462, and Kleim *v.* Wood, 9 *Serg. & Rawle* 294.    In actions of tort, says the chief justice in Bazire *v.* Barry, the damages laid in the declaration will be considered as determining the value of the matter in controversy.    Although the witnesses proved the value of the goods was less than 100 dollars, yet the jury might have given damages to any amount less than 200 dollars, the amount laid in the declaration.

Judgment reversed, and a *venire de novo* awarded.