ROWLAND P. COOLEY *v.* EDWARD H. AIKEN.

Cooley
*v.*
Aiken.

The court will not dismiss a cause for want of jurisdiction of the county court,—when no such motion was made there, and the *ad damnum* is over one hundred dollars, and it does not appear that the plaintiff, in laying his damages, improperly attempted to give jurisdiction to that court.

The selectmen of a town refused to receive the disclosure of a person assessed for money at interest, and he afterwards agreed to appear before them and make his disclosure, and neglected so to do, and there was no subsequent refusal or neglect on their part, to receive such disclosure. *Held* that his agreement and neglect was a waiver of any claim on account of the refusal.

THIS was an action on the case against the defendant, who was one of the selectmen of the town of Benson, for refusing to administer to the plaintiff the oath provided by the statute, in the case of persons aggrieved by reason of the assessment of money on hand, debts due, &c., by the listers, and for refusing to receive and return to the town clerk the plaintiff's disclosure, under the statute, by reason of which he was unjustly taxed, &c.

Plea, not guilty, and trial by jury.

On the trial in the county court, it was agreed by the parties, that at the annual March meeting of the town of Benson in 1836, Daniel Crofoot, Dan Higgins, and the defendant, were duly appointed and sworn as selectmen in and for said town of Benson, for the year then next ensuing, and that, at the same meeting, Seth Wood, Isaac Dickinson, and Hubbard N. Griswold, were duly elected and sworn as listers; that said listers made out, and signed, a list of property by them assessed, including money on hand, debts due, &c., with the names of the persons assessed, in due form; and, on the 18th day of June, 1836, lodged the same with the town clerk of Benson; that the name of the plaintiff was placed in said assessment, with the sum of five thousand dollars thereto annexed, for moneys on hand, and debts due him, &c.; that, in the grand list of Benson for 1836, the sum of three hundred dollars, being six per cent. on the said sum of five thousand dollars, was included in the list set to the name of the plaintiff, and included in the respective balances set to his name for state, highway, county, town, and other taxes; that school, town, highway, and state taxes were duly assessed to the plaintiff on said three hundred dollars, amount-

ing, in the whole, to sixty one dollars and fifty cents, and that said Cooley was compelled to pay, and did pay, the same, previous to the 20th day of June, A. D. 1837, and before the commencement of this suit, to the several collectors of the said taxes, who held tax bills and warrants, duly made out, for the collection of the same.

The plaintiff then offered evidence tending to show, that on the 29th day of July, A. D. 1836, he went to the store of the defendant, in said Benson, and there found the defendant and the said Dan Higgins, (being two of the selectmen of said town) together, and offered to make his disclosure, under the statute, in relation to his money on hand and debts due, &c. ; and then wrote a paper stating, substantially, that on the first day of April then last past, the amount of his, the plaintiff's, money on hand, or obligations for money or any other property then due, or to become due or payable, at any after day, which he deemed good and collectable, was not over and above what was then due and owing from him ; and that he then presented it to the defendant, and requested him to administer the oath provided by law, and to receive his disclosure ; that the defendant refused so to do, and said that he would as soon take his disclosure without oath as with; that, in the course of the conversation, the defendant contended that he had a right to inquire what particular persons owed the plaintiff, and how much ; and what particular persons he owed, and how much ; that the plaintiff pressed the subject upon the defendant, and said Higgins, and appeared anxious to close the business, but both declined ; and that plaintiff then left the store, saying that he had done all that he was bound to do, and that he should not take any more trouble about it.

The defendant then offered evidence tending to show that, in the course of the conversation between the parties, which followed the application of the plaintiff at the store of the defendant, a subsequent meeting of the selectmen was proposed by the defendant and Higgins ; that the defendant was then about going on a journey, and left said town the same afternoon for that purpose ; and that, when the plaintiff requested said Aiken to administer the oath, the plaintiff had not finished writing out his disclosure.

The defendant then offered testimony tending to show

that on the 11th day of August 1836, a meeting of the three selectmen was held at the town clerk's office in said Benson, for the purpose of taking and certifying disclosures, under the statute, and that said Higgins, one of the selectmen, gave notice, early in the afternoon of that day, that this meeting would be held at that time and place, in the presence and hearing of the plaintiff; that the plaintiff said that he had done all that he was bound to do, and that he would not go before said Aiken at any rate, for he, Aiken, had misused or abused him; that the plaintiff did not attend this meeting of the selectmen, and that his dwelling house was but about ten rods distant from the place of said meeting; that after the meeting was over, two of the selectmen, to wit, the said Higgins and Daniel Crofoot, went to the plaintiff's house to see him, but could not find him, and that Higgins went home; that Crofoot went again to the plaintiff's house, and found him at home, and that, in the course of the conversation upon the subject, the plaintiff said that he had applied once to Aiken and Higgins, and they had refused him, and he was not bound to pursue them; that he would not go before Aiken again, for he, Aiken, had abused him, but that he, the plaintiff, was willing to go before said Crofoot and Higgins, and transact the business with them, at any time and place, they might appoint; and that Crofoot proposed, and the plaintiff agreed upon, the next Tuesday evening at the plaintiff's house for that purpose; that Crofoot then wrote a line to Higgins, informing him of this appointment; and that on the said Tuesday evening Crofoot went into the village of Benson, and was told that the plaintiff had left, on a journey to Massachusetts or Connecticut on the Monday morning before, and that Crofoot did not go to the plaintiff's house for that reason; that Higgins did not attend on said Tuesday evening; and that, after the commencement of this suit, the plaintiff told said Crofoot that he could not have agreed to a subsequent meeting on said Tuesday evening, because he had been making preparations to leave the state, on a journey, on the Monday before, and did leave accordingly. The defendant also gave evidence tending to prove that previous to the said Tuesday evening, and after the 11th August, the plaintiff said he did not like the course the selectmen were taking with him,—

that he should be too quick for them, and if they wanted to see him, they would have to come to Connecticut or Massachusetts. The admission of this testimony, as to what took place on the 11th August and after, was objected to by the plaintiff, but the objection was overruled by the court, and the testimony was admitted.

The court charged the jury, that if this last testimony, as to what took place on the 11th August, and after, was believed, the defendant was not liable ; and that if the plaintiff did agree to meet the selectmen on the Tuesday evening as testified, and neglected and refused so to attend, it released or discharged any right of action that might have previously accrued to the plaintiff, or that was relied upon by the plaintiff in support of the issue on his part. The jury returned a verdict for the defendant.

To the said decision and charge of the court, the plaintiff excepted.

*L. C. Kellogg,* for plaintiff.

I. The testimony offered by the plaintiff shows a complete cause of action. It has been decided by this court that the duties of the selectmen, in reference to disclosures under the listing act of 1825, (Rev. Stat., p. 543,) are of a ministerial character. *Kellogg* v. *Higgins et al.*, 11 Vt. R. 240. Consequently, the refusal of the selectmen to administer to the plaintiff the oath provided by law, in such cases, and to receive his disclosure, at the time he applied to them for that purpose, gave the plaintiff a right of action against those of the selectmen so neglecting or refusing to do. The testimony shows that all that was necessary to be done on the part of the plaintiff, in order to perfect that right, was done.

II. The testimony offered by the defendant, as to what took place after the 29th July, (when the plaintiff made his application to the selectmen, and was refused,) ought not to have been admitted, for the plaintiff's right of action was complete on that day, and this testimony does not show a discharge of that right. The appointment made with Crofoot was nugatory, since it was made with one of the selectmen only. It could have no binding effect on the plaintiff, so far as this action is concerned, because it was made without consideration, and does not amount to a waiver of any right

which had previously accrued to him. In fact, a waiver of such right is expressly guarded against in the language attributed to the plaintiff on this occasion. The cause of action, once accrued, must have been discharged, if at all, by some act either of the plaintiff or the defendant. No such act of the latter is pretended on the part of the defence. Can the mere assent of the plaintiff to the proposition of Crofoot be construed to have the effect of such an act on his part, when it was not even valid and binding on Crofoot?

III. If this testimony ought not to have been admitted, by parity of reasoning, the charge of the court was erroneous.

*E. N. Briggs*, for defendant.

I. We contend that the county court had not jurisdiction in this case, upon the plaintiff's declaration. The question of jurisdiction can be taken at any stage of the proceeding in a suit, and if a want of jurisdiction appear, it is the duty of the court to dismiss the suit.

The injury sustained by the plaintiff, as stated in the declaration, and shown on the trial, amounted to $61.50, and it is not alleged, nor is any testimony offered to show, that the plaintiff sustained any other injury. The rule of damages is, we believe, as stated by the judge who tried the case, this sum and the interest thereon. The action of trespass *de bonis asportatis* would imply that there might be more damages, beyond the value of the property, than in the action of trespass on the case, where the damages seem to be settled, or nearly so, by the declaration itself. The case of *Kittridge* v. *Rollins*, 12 Vt. R. 541, if good law, must settle the question. A justice has jurisdiction in this case. *Kellogg* v. *Aiken*, 11 Vt. R. 243.

II. Did the county court err in admitting testimony as to what took place on the 11th August and after? We contend that the testimony was correctly admitted. The testimony previously admitted was conflicting as to the fact, whether plaintiff had made and offered his disclosure to defendant Defendant had also given evidence tending to show that a subsequent meeting of the selectmen would be held for the purpose of receiving disclosures, and that defendant was about going a journey, and had not time to do the business then.

The selectmen were not bound to attend to the business of receiving and certifying a disclosure at any time, but had a right to consult their own as well as other's convenience for such a purpose, and might properly fix upon a time and place, and give notice thereof to the persons interested, for transacting the business. The plaintiff had no reason to complain of defendant's acts, if plaintiff had an opportunity to make his disclosure and refused to avail himself of it.

It is contended, by the plaintiff, that a right of action accrued upon the defendant's refusing to certify his disclosure. If defendant did refuse to certify plaintiff's disclosure, and had no reasonable excuse for such refusal, still, if plaintiff had an opportunity, and might have had his disclosure certified subsequently, it cannot be said that the injury complained of by plaintiffs, accrued in consequence of the act of defendant.

III. Was the charge of the court correct? The court charged that, if the testimony was believed, the defendant was entitled to recover. The testimony was full, that there was a meeting of the selectmen for the express purpose of receiving disclosures — that plaintiff had notice of this meeting — that a subsequent meeting was agreed upon by plaintiff and the selectmen, which meeting plaintiff agreed to attend and make his disclosure, and that he failed to do so.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — The question, whether the county court had jurisdiction, is presented now for the first time, the same not having been raised in the county court. The only ground on which the court can, with propriety, dismiss a cause for want of jurisdiction, in a case where the damages are laid within the jurisdiction of the county court, is when it appears that the party has fraudulently attempted to give jurisdiction, by laying his damages above one hundred dollars for the sole purpose of giving jurisdiction. It was on this ground that the case of *Kittridge* v. *Rollins*, 12 Vt. R. 541, was decided ; and though I was opposed to the decision in that case, on the ground that, in trespass *de bonis asportatis* the value of the goods are never the criterion of damages, yet it is to be considered that the law, as established in that case, is to govern in all cases, when the county court believe that the party has wrongfully attempted to give them juris-

diction.  In a subsequent case of *Spafford* v. *Richardson,* where the plaintiff declared on a contract for one hundred bushels of corn, to be delivered at a day certain, and no evidence was given to show that the value of the corn was, or could be, over eighty-three dollars, it was determined that the county court erred in dismissing the cause for want of jurisdiction.  As this question was not raised at the county court, we cannot determine that the plaintiff attempted improperly to give jurisdiction to the county court.

It appears from the exceptions that, on the 29th of July, 1836, the plaintiff appeared before the defendant and Mr. Higgins, two of the selectmen of the town of Benson, and offered to make his disclosure under the statute, in relation to his money on hand and debts due, &c., he having been previously assessed by the listers in a sum which he thought was too much.  It was the duty of the selectmen to receive this disclosure ; their duties, in this respect, being purely ministerial, according to the decision in the case of *Kellogg* v. *Aiken,* 11 Vt. R. 243.  If nothing further had taken place, the plaintiff, when he was compelled to pay taxes on the sums assessed against him, would have had an undoubted right of action against the selectmen.  No action accrued to him from this refusal, until he was thus compelled to pay. Hence if the selectmen had, afterwards, offered to take his disclosure, or if he agreed again to appear before them for that purpose, no injury would have arisen from their first refusal, unless they afterwards neglected their duty in this particular.

It appears that, on the evening of the 11th of August, 1836, the plaintiff did agree with Mr. Crofoot, the other selectman, to meet him and Mr. Higgins on the following Tuesday evening for the purpose of attending to the business of his disclosure.  This was equivalent to a waiver of any advantage he might have had, or any claim on the selectmen for their previous refusal to take his disclosure, unless the meeting failed on account of their neglect.  The failure to attend this meeting was on the part of the plaintiff ; and, indeed, it was in evidence that he purposely avoided it.  It is true the two selectmen did not come together on the evening proposed, though one of them appeared there.  As the plaintiff had left the state, it would have been wholly useless

for the other selectmen to have met. We think, therefore, the county court took a correct view of the law, as applicable to the case, both in admitting the testimony and in their charge to the jury.

The judgment of the county court is affirmed.