COUNTY OF CALEDONIA,

MARCH TERM, 1846.

[Continued from Vol. 18, page 569.]

PRESENT,

HON. CHARLES K. WILLIAMS, CHIEF JUDGE.
HON. STEPHEN ROYCE, } ASSISTANT JUDGES.
HON. DANIEL KELLOGG, }

---

JOHN HERREN *v.* JAMES CAMPBELL.

If the holder of a promissory note, on which there is due more than $100, indorse upon it, as payment, a sum which will reduce the amount apparently due upon the note to a sum less than $100, and do this without any payment being in fact made by the defendant, and for the mere purpose of bringing the note within the jurisdiction of a justice of the peace, and then commence an action upon the note before a justice, the action will not, on appeal, be dismissed by the county court, for want of jurisdiction in the justice.

ASSUMPSIT upon a promissory note for $250, dated March 6, 1835. The action came to the county court by appeal, the plaintiff claiming, in his declaration, that there was but $98,00 due upon the note at the time suit was brought. Plea, the general issue, and

trial by the court,—REDFIELD, J., presiding. The defendant also filed a written motion to dismiss the suit for want of jurisdiction in the justice of the peace, before whom the suit was commenced.

On trial it appeared, that the sum of $41,50 was indorsed upon the note by the plaintiff, at the time he commenced this action, and that this was done without any payment being made by the defendant, and without the knowledge or consent of the defendant, and that this indorsement reduced the amount apparently due upon the note to a sum less than one hundred dollars, and was made for the convenience of commencing an action before a justice of the peace.

The county court held that the justice had not original jurisdiction of the suit, and dismissed the action. Exceptions by plaintiff.

*W. Mattocks* for plaintiff.

*C. Davis*, for defendant, cited *Boutwell* v. *Mason et al.*, 12 Vt. 608.

The opinion of the court was delivered by

ROYCE, J. It is clear, that a fictitious indorsement, like the one in question, could be of no avail to the creditor, if designed to affect the operation of the statute of limitations, or, indeed, to defeat or abridge any valuable right of the debtor. The question, therefore, is, whether any such right of the defendant was infringed by this act of the plaintiff. The apparent effect was to ease and benefit the defendant, by remitting a portion of his debt. In cases of uncertain damages, as trespass and many others, the plaintiff, though entitled, from the extent of his injury, to commence his action before the county court, may yet sue before a justice of the peace, by limiting his *ad damnum* to one hundred dollars, or less. And, as said by REDFIELD, J., in *Perkins* v. *Rich*, 12 Vt. 595, "this can never do injustice to the defendant, as it is only a privilege to reduce a claim for damages." It is true, that in actions on promissory notes the *ad damnum* is not a test of jurisdiction; for that is made to depend upon "the amount of the note, deducting indorsements." Rev. St. c. 26, §.8. But in an analogy to the rule established in the other cases alluded to, it would seem, that a party may as properly reduce his claim for damages in cases of this class, as in those; and that in

order to do so he has only to acknowledge, by way of indorsement upon the note, a part satisfaction of the sum due. As county courts and justice courts are alike constituted legal and competent tribunals within their respective spheres, we are scarcely authorised judicially to affirm, that any certain advantage is gained, or lost, to a party, by being called to answer before the one instead of the other. If a suit may happen to be sooner terminated, when brought before a justice, it will at the same time be less expensive and burdensome to the defendant.

It is urged, however, that such an indorsement is not binding on the party making it, but that he is at liberty to expunge or disregard it, and enforce collection of his demand, as if the indorsement had not been made. But should this be conceded, it does not appear to affect the point of analogy before noticed. For the indorsement is made binding upon the plaintiff by statute, for all the purposes of the action, whilst pending as a justice suit, as it certainly would be, after final judgment recovered; and if he could avoid the effect of it by nonsuit, or discontinuance, and thus enable himself to commence a county court action, he could do the same in the other cases referred to.

That an indorsement, in order to change jurisdiction from the county court to a justice of the peace, need not be predicated upon a payment properly applicable to the note, on which it is endorsed, was decided in *Boutwell* v. *Mason et al.*, 12 Vt. 608. Hence it only remains to be determined, whether this effect must be denied to the indorsement, when it is not founded upon actual or supposed payment, but is made for the mere purpose of thus changing jurisdiction. And since we do not perceive that such an act can justly be regarded as fraudulent, or injurious towards the debtor, neither do we think it is rendered inoperative by any necessary construction of the statute.

Judgment of county court reversed, and cause remanded to that court for farther proceedings.