THOMAS DWYER v. BASSETT & BASSETT.

(Case No. 1921.)

1. JURISDICTION.— Jurisdiction, so far as matter or amount in value is concerned, must be determined by the petition; and the question is concluded by its averments in so far as they state facts in relation to the thing in controversy, unless it otherwise appears that an attempt has been made to confer jurisdiction by averments improperly.

2. SAME.— In actions sounding in damages, the amount of damages claimed, and not the amount of the verdict, determines jurisdiction. In actions *ex contractu*, the amount claimed determines jurisdiction, if it is not made to appear that a fraud upon jurisdiction has been attempted by improper averments in the petition.

3. SAME.— In a case admitting of reasonable doubt as to whether the amount in controversy is within the jurisdiction, and where the plaintiff might have had reasonable grounds to believe that he could recover a sum within the jurisdiction of the court, the case will not be dismissed, for all intendments in a doubtful case are in favor of the jurisdiction.

4. Same — Fraud on jurisdiction.— The question of a fraud on jurisdiction can only be raised by proper averments presenting that issue, which must be determined under appropriate instructions.
5. Charge of court — Jurisdiction.— The court was asked to charge a jury on the question of jurisdiction as follows: "The defendant has pleaded that this court has no jurisdiction of the subject-matter, and wants the jury to say how much is really in controversy in this suit. . . . Then what is the real amount in controversy." *Held*, that a refusal to give the charge was proper; for the jury might probably have thought that the "real amount in controversy" was only such sum as they thought, under all the evidence, the plaintiff ought to have recovered.
6. Charge on the weight of evidence.— A charge of the court to the effect that, although a witness is neither discredited nor contradicted, the jury may discredit him on account of attendant circumstances, is error, being a charge on the weight of evidence. (See opinion for the full charge criticised, with other objections to the language used therein noted.)

Appeal from Washington. Tried below before the Hon. I. B. McFarland.

The petition by appellees alleged that the defendant, in making payment of a debt due by him to the plaintiffs, delivered to plaintiffs a package of money, which he falsely represented to them to contain $1,000, but which in fact contained only $500, and that the plaintiffs, trusting to his representation, and being misled thereby, accepted it as $1,000, and surrendered up to the defendant certain securities which they held for his debt, whereby they were defrauded of the sum of $500; that upon discovering the mistake they demanded of the defendant the payment of said sum of $500 or the return of the securities, which demand was refused. That the defendants' false representation was knowingly and wilfully made, with intent to deceive and defraud; wherefore they prayed for their damages, actual and exemplary, including the attorneys' fees necessarily incurred in seeking redress of the injury by suit.

Dwyer answered by general denial, and claimed that the sum paid canceled the security which was delivered up to him.

*Searcey & Bryan*, for appellant, on the charge of the court as erroneous, cited: Smith v. Sherwood, 2 Tex., 462; H. & T. C. R'y Co. v. Shirley, 54 Tex., 142; R. S., art. 1317, p. 208; McAfee v. Robertson, 41 Tex., 357; Railroad Co. v. Murphy, 46 Tex., 367; Hodde v. State, 8 Tex. Ct. App., 385; Searcy v. State, 1 Tex. Ct. App., 460; Strickland v. State, 7 Tex. Ct. App., 174; Jackson v. State, 7 Tex. Ct. App., 363.

*Sayles & Bassett*, for appellees, on jurisdiction, cited: I. & G. N. R'y Co. v. Nicholson, 61 Tex., 550; Const., art. V, sec. 8; Erwin v. Blanks, 60 Tex., 583, 585; Haby v. Koenig, 4 Tex. Law Rev., 119.

STAYTON, ASSOCIATE JUSTICE.— The petition in this case stated a cause of action within the jurisdiction of the district court, even if it be true, as contended by appellant, that, in order to give jurisdiction to that court, the matter or amount in controversy must exceed in value the sum of $500.

It therefore becomes unnecessary to consider the different provisions of the constitution regulating and determining the jurisdiction thereby conferred on the county and district courts, respectively.

Jurisdiction, in so far as matter or amount in value in controversy is concerned, must be determined by the petition, and that question is concluded by its averments in so far as they state facts in relation to the thing in controversy, unless it otherwise appears that a plaintiff in framing his petition has improperly sought to give jurisdiction where it does not properly belong.

The rule is thus stated: " It is the well settled general rule that where the question of jurisdiction depends on the amount in controversy, the damages claimed, in actions sounding in damages, and not the amount of the verdict, give the court jurisdiction. 1 Bibb, 342; id., 402; 2 Wash., 463; 6 Vt., 91; 10 Watts, 299. And in actions *ex contractu* the amount claimed, and not the sum recovered, determines the question of jurisdiction (4 J. J. Marsh., 24; 2 Ark., 158; 4 Ired., 151), if it does not appear that the plaintiff, in stating his demand, improperly attempted to give jurisdiction of a case not properly cognizable in that court. 15 Vt., 322. And in a case admitting of reasonable doubt as to whether the amount in controversy is within the jurisdiction, and where the plaintiff might have had reasonable ground of expectation of recovering the amount claimed, it being a sufficient amount to give jurisdiction, the case will not be dismissed for want of jurisdiction. 17 Vt., 499. In doubtful cases of this character all intendments will be in favor of the jurisdiction. 12 Vt., 595; Graham v. Roder, 5 Tex., 146; Tarbox v. Kennon, 3 Tex., 7; Sherwood v. Douthit, 6 Tex., 224; Marshall v. Taylor, 7 Tex., 235; Ellett v. Powers, 8 Tex., 113; Bridge v. Ballew, 11 Tex., 270; Gouhenant v. Anderson, 20 Tex., 459.

The petition alleging a cause of action clearly within the jurisdiction of the court, it did not err in overruling the demurrers which presented this question.

If it was thought that the averments of the petition by which the amount in controversy was made to exceed in value $500 were made fraudulently, and only for the purpose of giving to the court jurisdiction of the case, then it was necessary that this should not only have been pleaded, but an issue thereon should have been tried under proper instructions.

If the pleadings in this respect were sufficient, and if there were facts to have authorized the submission of the issue, the court did not err in refusing to give the charge asked.

The charge asked did not present the true issue on the question of jurisdiction, and, besides, sought to submit to the jury a question of law rather than of fact.

Under the charge asked, the jury most probably would have understood that the "real amount in controversy" was only such sum as they thought, under all the evidence, the plaintiffs ought to recover.

Such a rule would make jurisdiction to depend on the amount of the recovery — something to be determined only at the end of the litigation,— and not on the amount or matter in controversy.

The court having instructed the jury, in effect, that they were the judges of the credibility of the witnesses and of the weight to be given to their testimony, there being a direct conflict of evidence, and that for the appellant being mostly his own testimony, at the request of the appellees gave the following charge: "The jury are not required to believe a witness although he make a plain statement of what is not impossible, and is neither impeached nor contradicted, but may discredit him on account of attendant circumstances."

This charge, so far as it went, was copied almost literally from the syllabus to the case of Cheatham v. Riddle, 12 Tex., 112; and as matter of law, taken with its intendments, is correct; but the question in this case is: Was it proper for the court in these terms to instruct the jury? Does not such a charge violate the rule that a judge shall not charge upon the weight of evidence?

This may be done in many ways.

The charge, in this case, was evidently directed against the defendant himself, as a witness, and for the purpose of bringing discredit upon his statements.

The mere fact that such a charge was given was calculated to influence the jury to believe that, in the opinion of the court, there were "attendant circumstances" which would authorize them to disregard his testimony; for unless there be evidence to authorize the giving of a charge it should not be given.

Any charge which informs a jury that they are at liberty to disregard the testimony of a witness under a given state of facts, without exercising their own judgments as to the credibility of the witness, based on all that they may see and hear from witnesses during the trial, in our opinion infracts the rule. How much

stronger becomes the objection to the charge when a court instructs a jury that on account of "attendant circumstances," without reference to their character, they are at liberty to disregard the statements made by a witness though neither impeached nor contradicted, and testifying to things which may be true.

The declaration that the jury were "not required to believe" is the equivalent of the declaration that they might disbelieve.

The use of the words "not impossible" was calculated to convey to the jury the idea that, in the mind of the court, while the facts testified to by the witness were not impossible, yet that they were not likely true.

We are of the opinion that the charges given should not have been given, and, for this reason, the judgment of the court below will be reversed and the cause remanded; and it is accordingly so ordered.

Reversed and remanded.

[Opinion delivered February 6, 1885.]