No. 2005.

## P. J. WILLIS & BROTHER v. J. G. WHITSITT.

1. PRACTICE.—When on an issue made by the pleadings there is no evidence to justify its consideration, it is the duty of the judge to withdraw it ' 'from the jury.
2. CHARGE OF COURT.—A charge of the court which, though erroneous, could not, in view of the facts in evidence, have operated to the prejudice of appellants, will not afford a cause for reversing the judgment.
3. SAME.—The appellee was the only witness examined who had a pecuniary interest in a suit on a trial of which the following charge was asked: "In determining the credibility of the witnesses and the weight you should give their evidence, you are authorized to consider the interest which such witnesses have in the matter in controversy, and their demeanor and manner of testifying upon the stand." *Held*, the charge was properly refused. To give it would have been to have virtually instructed the jury to consider the witness's interest in determining whether they would believe his testimony, and would have been a charge on the weight of evidence.
4. PRESUMPTION.—The law never presumes that a transfer of property was made with fraudulent intent when made to one to whom the vendor is indebted. Such a presumption has only been indulged 'as applicable to voluntary transfers or gifts; never when a valuable and adequate consideration has been paid by the purchaser.
5. FRAUD—CHARGE OF COURT.—In a suit for damages by the claimant of goods against an attaching creditor of the claimant's vendor, the defendant denied that debtor in attachment had ever transferred the goods to the claimant, and averred that if he had, it was done fraudulently. The evidence of the transfer was clear and uncontradicted. *Held:*

    (1) The exclusion from the jury by the charge of the issue made on the transfer was proper.

    (2) The fact that claimant may have obtained possesion of the goods by fraudulent means was, as against an attaching creditor, immaterial, if his right to their possession existed by virtue of a legal purchase.
6. DAMAGES—INTEREST.—In a suit to recover damages for the wrongful seizure and conversion of plaintiff's goods, under attachment, the measure of actual damages is the value of the goods, with eight per cent interest by way of damages from the date of their unlawful seizure.

APPEAL from Bell.     Tried below before the Hon. B. W. Rimes.

. *Harris & Saunders,* for appellant:  On their proposition that the charge of the court assumed that Kellam had transferred the goods, and left the jury only to determine whether the transfer

was fraudulent or not; and did not submit to the jury the question as to whether or not there was, in fact, any transfer made at all, cited Smithwick v. Andrews, 24 Texas, 495; Andrews v. Marshall, 26 Texas, 215; Chamblee v. Tarbox, 27 Texas, 141–146; Houston & Texas Central Railway Company v. Nixon, 52 Texas, 28; Altgelt v. Brister, 57 Texas, 436.

On their proposition that the court erred in its eighth charge to the jury, wherein the right of defendants to recover was limited to proving an indebtedness against Kellam at the time the goods were transferred to plaintiff, exceeding the value of the goods at the time of seizure, they cited Miller & English et al. v. August Jarnett and H. Franks, 5 Texas Law Review, 131.

On their proposition that the court should have given the third instruction asked by the defendants, as to the right of the jury to consider interest in weighing the testimony of witnesses and in determining their credibility, they cited Coles v. Perry, 7 Texas, 145; Hancock v. Horan, 15 Texas, 512; 1 Greenleaf on Evidence, section 408.

*Monteith & Furman,* for appellee, cited Endick v. Endick, 61 Texas, 551; Van Alstyne v. Houston & Texas Central Railway Company, 56 Texas, 373; Galveston, Harrisburg & San Antonio Railway Company v. Delahunty, 53 Texas, 206; Mahan v. Wolf, 61 Texas, 488; Bump on Fraudulent Conveyances, 584; 1 Greenleaf on Evidence, sections 54, 55; Sutter v. Lackmann, 39 Missouri, 91; McCauley v. Long & Co., 61 Texas, 74; Gulf, Colorado & Santa Fe Railway Company v. Levy, 59 Texas, 543; Tucker v. Hamlin, 60 Texas, 171; Dreiss v. Friedrich, 57 Texas, 70; Newman v. Dodson, 61 Texas, 91; Texas & Pacific Railway Company v. O'Donnell, 58 Texas, 28; Galveston v. Morton, 58 Texas, 409; Evasich v. Gulf, Colorado & Santa Fe Railway Company, 61 Texas, 24.

WILLIE, CHIEF JUSTICE. Willis & Brother, being creditors of E. P. Kellam, sued out an attachment against his property, and caused it to be levied by W. S. Blanton, sheriff of Bell county, upon a stock of goods in the possession of the appellee. This suit was brought by the appellee against Willis & Brother and the said sheriff and the sureties upon his bond for damages alleged to have been incurred by reason of the seizure and conversion of said property. The defense was a general denial and a justification of the levy on the ground that the goods were the

property of Kellam; and if they had been conveyed by him to Whitsitt the conveyance was in fraud of the former's creditors. A verdict was rendered in favor of Whitsitt for two thousand five hundred and eighty-three dollars and ninety-one cents, with eight per cent interest from date of levy, and judgment was entered for the above amount, to bear interest at ten per cent from its date.

From this judgment the present appeal is prosecuted. · In this court the appellee remits all interest above eight per cent per annum, and offers to remit all such as accrued before the first of January, 1882, should this court hold that he was not entitled to recover interest from an earlier day.

The first, second, fourth and sixth assignments of error relate to the charge of the court upon the subject of fraudulent transfer to Whitsitt of the goods in controversy by Kellam, the defendant in attachment. It is complained that the court made the case to turn solely upon the question whether or not this transfer was fraudulent as to creditors, when the defendants had pleaded that no transfer of any kind had passed between those parties.

It is true that the pleadings raised such an issue; but they also distinctly averred that if such a transfer took place, it was made with intent to defraud the creditors of Kellam. They set up the defense that the goods were the property of Kellam, because no transfer had been made; and further; if one was made, it was void as to P. J. Willis & Brother, being in fraud of his rights as a creditor of Kellam. The court charged that the defendants denied that the goods seized were the property of plaintiff, and they averred that the same were fraudulently transferred by Kellam for the purpose of hindering, delaying or defrauding his creditors. This would seem to include both issues; but if not, it is a sufficient answer to all the assignment on this point to say that the uncontradicted proof showed that the transfer had been made, and there was really no issue before the jury except as to its fraudulent character. It was proved by a written instrument signed and acknowledged by Kellam, whose execution was not disputed. It was further proved by the testimony of Whitsitt, and none of the evidence of the appellants was inconsistent with the existence of the transfer. Their evidence tended to show that Whitsitt was in possession of the goods by fraudulent means, but did not negative the idea that the possession was obtained through a conveyance to him by Kellam.

Had this been a controversy between Kellam and Whitsitt as to the ownership of the goods, under the evidence produced on this trial the court should have charged the jury to find for Whitsitt under the proven transfer, there being no evidence to disprove it.

When an issue made by the pleadings has no evidence to justify its consideration, it is the duty of the court to withdraw it from the jury; and the court by its charge made that disposition of the issue as to Whitsitt's ownership of the goods as against the defendant in attachment. It was the province of the judge to construe the written instrument, and having rightly construed it to pass the goods as between the parties, and there being no evidence to the contrary, he could not properly submit any issue to the jury as to the title except such as arose between Whitsitt and the appellants upon the bona fide or fraudulent character of the transfer. Neither of the foregoing assignments is well taken.

It is further complained that the court erred in its eighth charge to the jury, because it required the appellants, in order to obtain a verdict, to prove against Kellam an indebtedness greater than the value of the goods at the date of seizure. As an abstract principle, the charge was undoubtedly erroneous. If the amount of indebtedness was reasonably proportionate to the value of the goods seized, though it may have been less, this would not of itself entitle the appellee to recover. But the error was harmless, for it was abundantly proved that the debt was in fact greater in amount than the value of the goods. The defendants in their answer alleged that their claim against Kellam was six thousand five hundred and sixty dollars. They read in evidence their judgment in the attachment suit, and this was for three thousand eight hundred and sixty-eight dollars and ninety-one cents. The evidence of Ray and Whitsitt, taken in connection, showed the total value of the goods to be about three thousand dollars, and the sheriff valued them at two thousand five hundred and eighty-three dollars and ninety-one cents. The defendants were not, therefore, prejudiced by the charge.

It is further complained that the court should not have charged the jury that, in determining whether there was a valuable and adequate consideration paid by Whitsitt to Kellam for the goods, they would inquire as to the condition of said goods, their value as a whole in said market, and whether the price asked and paid was such as a reasonable man, who desired such a stock of goods

for merchandizing purposes, would be willing to give as their full value. The charge is not objected to as incorrect in the abstract, but because there was no evidence as to the condition of the goods or their value as a whole in the market.

It is true that no witness stated in so many words what was the condition and market value of the goods; but the evidence tended to show that they consisted of groceries, dry goods and hardware, etc., and that they were in a store, in a condition to be sold in the usual course of trade; that their cost price was marked upon them, and that this was their fair wholesale value. The clear object of the charge was to prevent the jury from estimating the goods at their retail price, by adding anything to their original cost. We think the court did not err in giving the charge.

The eleventh assignment of error complains that the court erred in refusing two distinct charges upon different questions asked by the appellants. Thus far the assignment is not in accordance with the rules of this court, and if either charge was not law, the assignment is not well taken. But it specifies its ground of error, and in that confines the objection to the ruling of the court on the third charge, which is as follows: "In determining the credibility of the witnesses and the weight you should give their evidence, you are authorized to consider the interest which such witnesses have in the matter in controversy, and their demeanor and manner of testifying upon the stand."

This court has reversed a judgment because a charge similar to the above was given to the jury. (Dwyer v. Bassett, 63 Texas, 277.)

The appellee was the only witness examined who had any real pecuniary interest in the suit. By giving the charge the court would have said in effect that the jury should take into consideration the appellant's interest in determining whether or not they should believe his testimony. Such a charge is virtually upon the weight of evidence, tending to make the jury believe that in the opinion of the judge the testimony of a particular witness is not entitled to much weight in making up their verdict. Such a charge is inconsistent with the freedom allowed to the jury in passing upon the weight of testimony and the credibility of the witnesses.

Though not bound to notice the other charge mentioned in the assignment, it is sufficient to dispose of it to say that it is not a presumption of law in every case of a transfer of property that it is

presumed to be made with fraudulent intent, if the grantor is at the time indebted to another party. Such a principal has been announced by courts in cases of voluntary transfers or gifts, but never where a valuable and adequate consideration had been paid by the purchaser. (Gilmore v. N. A. Land Company, Peter's C. C., 460.) In such cases much depends upon the amount of indebtednesss, and the circumstances under which the transfer is made. No general rule such as the charge lays down can be drawn from the cases cited by the appellants, or from the other authorities upon the subject.

We can not enter into an analysis of the testimony produced upon this trial to ascertain whether or not the verdict is contrary to the evidence, because the assignment of error to that effect is not in accordance with the rules. We think, however, if the jury believed the witnesses for the plaintiff, there is testimony to support their verdict. They were the judges of the credibility of these witnesses, and we can not reverse because they have believed those whose evidence sustained the transfer under which the appellee claimed.

The petition claimed interest from January 1, 1882. The verdict gave interest from the levy of the attachment, which was December 3, 1881. The appellee could not recover more than he claimed, and for this reason is entitled to interest no further back than January 1, 1882, though under the proper measure of damages he might, had he claimed it, have recovered from the date of the levy. The judgment is made to bear interest at ten instead of eight per cent, which is error. The appellee remits all interest on both accounts over and above what he is entitled to under his pleading and the finding of the jury. The judgment will be so reformed as to allow the appellee interest on the principal sum recovered at eight per cent from January 1, 1882, and to make the judgment bear interest at eight per cent from its rendition below, the appellee to pay the costs of this court. Thus reformed, the judgment will be affirmed.

*Reformed and affirmed.*

Opinion delivered April 22, 1887.