### E. A. KELLOGG ET AL. v. M. L. McCABE ET AL.

Delivered November 28, 1896.

**1. Charge of Court—Weight of Evidence.**
The following charge is erroneous, as being upon the weight of the evidence: "You will reconcile any conflicts in the evidence, if you can, so as to give effect to all the testimony; but if you cannot, you will decide which of the testimony is entitled to the greater credibility and weight, and, in so determining, you may consider the intelligence, interest, bias, or prejudice, if any, of said witnesses, as well as their manner of testifying."

**2. Ancient Instruments—Requisites of Deed—Need Not be Acted Upon.**
A deed which comes from the proper custody, is thirty years old, and is freed from any suspicions of its genuineness, if any, arising from its face and appearance or otherwise, is presumed to be genuine, without proof that it has been acted upon.

APPEAL from Throckmorton. Tried below before Hon. Ed. J. HAMNER.

*T. J. Wright,* for appellants.—1. The trial court should always avoid indicating to the jury that, in the court's opinion, the intelligence, interest, bias or prejudice and manner of testifying cast sus-

picion on the testimony of the witness or witnesses.    Dwyer v. Bassett, 63 Texas, 277; Willis v. Whitsitt, 67 Texas, 677.

2.   No acts of ownership are necessary under a deed more than thirty years old, free from suspicion and coming from the proper custody to give it the effect of an ancient instrument.  . Chamberlain v. Showalter, 23 S. W. Rep., 1017; Williams v. Hardie, 21 S. W. Rep., 267; Ammons v. Dwyer, 15 S. W. Rep., 1049.

*Bell & Atwell*, for appellees.—1.   When more than one witness testifies who is interested, a charge that "intelligence, interest, bias or prejudice, if any, of said witnesses, as well as their manner of testifying," may be considered by the jury in determining which is entitled to greater credit, is not error.   Ridens v. State, 41 Texas, 199; Morgan v. State, 44 Texas, 511; Wharton v. State, 45 Texas, 2.

2.   A deed that shows alterations and is not free from suspicion, though it appears to be more than thirty years of age, becomes a legitimate question for the jury.   1 Sayles' Civil Statutes, p. 692, rule 16; Stroud v. Springfield, 28 Texas, 663; Newby v. Haltaman, 43 Texas, 317; 1 Greenleaf on Evidence, 570; 1 Wharton's Evidence, 732, 733; Starkie on Evidence (9th ed.), 521; Holmes v. Coryell, 58 Texas, 685.

HUNTER, ASSOCIATE JUSTICE.—This is an action of trespass to try title to 1476 acres of land in Throckmorton County, known as the Calvin Farmer survey, brought by appellants against appellee McCabe, he having filed a cross-bill against Southwestern University as warrantor.   Plea, the general issue.   The case was tried by a jury, and verdict and judgment for appellees.

Appellants relied upon a deed which purported to be executed by Calvin Farmer, of the County of Jasper, Republic of Texas, to Albert G. Kellogg, of San Augustine County, Texas, witnessed by J. M. Hooper and B. F. Hooper, and acknowledged by Farmer before one G. V. Lusk, who affixes to his name the initials, C. J. C. C. and N. P., but he attached no seal.   This acknowledgment purports to have been made in Shelby County, Texas, and bears date August 10, 1839.   The deed is dated April 10, 1839, and is a transfer of Farmer's land certificate for one-third league and labor of land, and lands located by virtue thereof.   An affidavit of forgery was filed against this deed or transfer. It was offered in evidence as an ancient instrument, and also as one proven at common law.

The evidence showed that appellants were the lawful heirs of Albert G. Kellogg, and three witnesses testified to the genuineness of the signatures of the subscribing witnesses.   One of them admitted that he was interested in the suit, in that he was to receive a part of the land if plaintiffs recovered.   He also admitted that his reputation was that of a "land-grabber."   He further testified that he received the deed from L. C. Hooper, administrator of Richard Hooper, an old surveyor and land locator; got posession of it in 1871, to investigate whether

Richard Hooper's estate had any rights under the deed. He placed it in the hands of Smith & Tucker for the purpose of bringing this suit.

Paul Furst, a banker, testified as an expert on forgeries. Said, in his opinion, it was written with a gold or steel pen, within the past twenty years. The discoloration of the paper was made before it was written on. He is unable to determine the cause of the discoloration. It can be discolored by artificial means. The instrument may have been written with ink in the last ten or fifteen years. There are indications that it was done by more than one person. The instrument has the appearance of age. Has seen instruments colored so as to give them the appearance of age.

The first assignment of error complains of the following charge: "You will reconcile any conflicts in the evidence, if you can, so as to give effect to all the testimony; but if you cannot, you will decide which of the testimony is entitled to the greater credibility and weight; and in so determining, you may consider the intelligence, interest, bias, or prejudice, if any, of said witnesses, as well as their manner of testifying."

We sustain this assignment, because it was a charge on the weight of the evidence in calling attention of the jury to the intelligence, interest, bias or prejudice of the witnesses, and to their manner of testifying. All these are proper matters for the jury to take into consideration, but the court should not refer to them in his charge, even in a general way, as it is calculated to impress the jury that the judge is of opinion that such matters affect the weight to be given the testimony of any particular witness whose manner of testifying might be peculiar, or who admitted an interest, bias or prejudice. Willis & Bro. v. Whitsett, 67 Texas, 677; Dwyer v. Bassett, 63 Texas, 277.

The fourth assignment of error is sustained, which complains of the following charge: "If you believe from a preponderance of the evidence that the instrument referred to in paragraph 3 of this charge (deed from Calvin Farmer to A. G. Kellogg) is more than thirty years of age, that it is free from suspicion, that it comes from the proper custody, and that it has been acted upon by the parties claiming under it, then the law presumes said instrument to be genuine."

It is not necessary to prove that the parties to the deed have acted on it, in order to make it admissible to the jury. The rule now is: If it comes from the proper custody, is thirty years old, and is freed from any suspicions of its genuineness, if any, arising from its face and appearance, or otherwise, it is admissible to the jury as evidence. Chamberlain v. Showalter, 23 S. W. Rep., 1017; Williams v. Hardie, 21 S. W. Rep., 267.

So, it is error to charge the jury that the instrument must have been acted on, before they can find it to be genuine. It is the opinion of the writer that these matters are addressed to the court, in the first instance, and it is for the judge to say whether it comes from the proper custody, and is freed from suspicion, his ruling thereon, of course,

being subject to revision in this court. The same matters may be urged before the jury also, but calling attention to any of them in the charge would, in the writer's opinion, be a charge upon the weight of the evidence, and consequently erroneous.

For the errors above set out, we order that the judgment herein be reversed and cause remanded for new trial in accordance herewith.

*Reversed and remanded.*