Missouri, Kansas and Texas Railway Company of Texas v. A. G. Barnes.

Decided April 18, 1906.

**1.—Pleading—Negligence—Defective Machinery.**

An allegation of negligence in furnishing defective machinery is sufficient if it points out the particular thing or apparatus which was defective, without specifying the imperfection, though specially demurred to.

**2.—Assignments—Briefs.**

Assignments of error not copied in the brief need not be considered.

**3.—Assumed Risk—Charge.**

In an action by a servant against the master for personal injury, a charge on the risks assumed, which did not except those arising from defective machinery and negligence of other servants for which the master was liable, was properly refused.

**4.—Charge—Proximate Cause—Contributory Negligence.**

A charge was properly refused which precluded a servant from recovery for personal injuries if he boarded a car moving at a dangerous rate of speed, without the qualification that such act, instead of defective machinery or negligence of other servants of defendants must have caused the injury.

**5.—Same.**

The act of plaintiff in boarding a rapidly moving car could not constitute negligence preventing a recovery for injuries received, after he had got on the car safely, by the car being suddenly stopped.

**6.—Charge on Weight of Evidence.**

A requested charge was properly refused as being on the weight of evidence where it required the jury to consider all the facts and circumstances in evi-

dence in determining the question of contributory negligence, the jury having the right to disregard facts for which they consider the evidence insufficient.

**7.—Evidence.**

Where an automatic coupling device was shown not to have worked it was proper to show that such devices worked well when in good order, in support of other evidence of the existence of defects.

**8.—Negligence—Knowledge.**

An instruction does not impose a burden of more than ordinary care which requires the exercise of such as would have been used by a man of ordinary prudence under the circumstances known or which "should" have been known to him.

Appeal from the District Court of Williamson County. Tried below before Hon. V. L. Brooks.

*V. L. Shurtteff* and *W. E. Spell,* for appellant.—On allegations of defective coupling apparatus: City of Marshall v. McAllister, 18 Texas Civ. App., 160; Dallas C. E. S. Ry. Co. v. McAllister, 14 Texas Ct. Rep., 388; Dallas C. E. S. Ry. Co. v. Hardy, 12 Texas Ct. Rep., 963. On refusal of special charge No. 2: St. Louis S. W. Ry. Co. of Texas v. Arnold, 87 S. W. Rep., 176; Texas Trunk Ry. Co. v. Ayres, 83 Texas, 269.

The law only requires the servants, agents and employes of a railway company, upon occasions such as the one in question, to exercise that degree of care which a person of ordinary prudence would exercise under all the circumstances then known by him to exist, or which could be known by him to exist by the use of ordinary care. International & G. N. Ry. Co. v. Hall, 14 Texas Ct. Rep., 349; St. Louis S. W. Ry. Co. v. Pope, 86 S. W. Rep., 5; Austin & N. W. Ry. Co. v. Beatty, 73 Texas, 596; St. Louis, A. & T. Ry. Co. v. Finley, 79 Texas, 86; Galveston, H. & S. A. Ry. Co. v. Williams, 62 S. W. Rep., 808; Houston & T. C. Ry. Co. v. Oram, 49 Texas, 346; International & G. N. Ry. Co. v. Bell, 75 Texas, 521.

*John W. Parker,* for appellee.—The petition stated the facts of negligence with sufficient particularity. Galveston, H. & S. A. Ry. Co. v. Templeton, 87 Texas, 45; East L. & R. R. Ry. Co. v. Brinker, 68 Texas, 502.

The servant does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks or in the ordinary discharge of his own duty must necessarily have acquired the knowledge. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350, 351.

EIDSON, Associate Justice.—This is a suit brought by the appellee in the court below against the appellant for damages for personal injuries alleged to have been caused through the negligence of appellant.

Appellant answered in the court below by general demurrer, special exceptions, general denial and pleas of contributory negligence and as-

sumed risk. A trial before the court and jury resulted in a verdict and judgment in favor of appellee in the sum of $8,000.

Appellant's first assignment of error complains of the action of the court below in overruling its. first special exception to appellee's first amended original petition. This exception was addressed to that part of appellee's petition which alleged the defective condition of the coupling apparatus attached to the appellant's car, and that appellant's employe failed to properly operate same if it was in proper working order, on the ground that the allegations are not sufficiently specific. The petition pointed out the particular thing or apparatus which was defective, and this was sufficient without undertaking to specify the particular imperfection in same. (Galveston, H. & S. A. Ry. Co. v. Templeton, 87 Texas, 45; Missouri, K. & T. Ry. Co. v. Brinker, 68 Texas, 502.)

Appellant's second and third assignments of error as embraced in its brief are not copies of these assignments, or any assignments contained in the record. Under headings of second and third assignments of error in the brief are copied simply certain special exceptions of appellant to appellee's petition, without any statement showing the action of the court upon same, or what action, if any, was assigned as error. Hence these assignments will not be considered. (Rule 29 Courts of Civil Apps.; Dean v. Cato, 12 Ct. Rep., 764; Railway Co. v. Norris, 29 S. W. Rep., 953; Johnson v. Brown, 65 S. W. Rep., 485.)

There was no error in the refusal by the court below of appellant's special charge No. 16. This charge, insofar as it related to contributory negligence, was not justified by any evidence; as there was no evidence tending to show that appellee was negligent in the manner in which he performed the work devolving upon him; and that part of same which relates to assumed risk was not a correct enunciation of the law as applicable to the facts of this case, as it does not exclude from the risks the jury are told appellee assumed, such as might arise from the defective condition of the coupling apparatus and the failure of the brakeman Worsham to use ordinary care to uncouple the cars, which under the law he did not assume by virtue of his employment. (Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350, 351.)

Appellant's special charge No. 2, the refusal of which is complained of in its fifth assignment of error, is upon the weight of the testimony in that it assumes that the car upon which appellee climbed or was on at the time of the accident, was going at a high and dangerous rate of speed at the time he boarded same or was on the same. And it ignores the liability of the appellant arising from the defective coupling apparatus or the negligence of the brakeman Worsham in operating the coupling apparatus. If appellee, in the discharge of his duty, went on the car, or was on same when it was running at a high and dangerous rate of speed, and was injured on account of the defective coupling apparatus or the negligence of the brakeman to properly operate the coupling apparatus, and not on account of the high and dangerous rate of speed, appellant would be liable.

Appellant's special charge No. 1 was properly refused upon the ground stated by the trial judge, which was, it excluded the issue arising from the alleged defective coupling apparatus; and, further, we do not think there is any testimony in the record authorizing this

special charge. Hence we overrule appellant's sixth assignment of error.

There was no error in the action of the court below in refusing to give appellant's special charge No. 5, as same does not announce a correct proposition of law, as applicable to the facts in this case. The manner of appellee's going upon the cars had nothing to do with his injuries. He succeeded in getting upon the cars safely, and the manner in which he got upon the cars, therefore, could not have in any way contributed to or caused his injuries. His injuries were received after he had gotten upon the cars and remained there some time, by the same being suddenly and violently stopped, causing him to be thrown therefrom. And this special charge was also improper because the first part thereof enjoined upon the jury the duty of considering all the surrounding facts and circumstances in evidence before they could determine whether or not appellee was guilty of contributory negligence; and was, therefore, in effect, a charge upon the weight of the testimony in that it is an instruction to the jury that, in the opinion of the court, a part of the testimony was not sufficient for them to determine this issue by, but that they should consider all before arriving at a conclusion; whereas the jury should have been left free to determine the issue from the testimony according to their own views of its sufficiency. The testimony being conflicting on the question as to whether or not the appellee was guilty of contributory negligence, the jury had the right to disregard the testimony of some of the witnesses, and determine the issue according to the testimony of others. (Houston, E. & W. T. Ry. Co. v. Runnels, 92 Texas, 305; Dwyer v. Bassett, 63 Texas, 277; Willis v. Whitsitt, 67 Texas, 677; Davidson v. Wallingford, 88 Texas, 624.)

The court below gave to the jury appellant's special charge No. 9, which sufficiently covered the subject to which its special charge No. 8 relates, and on that account it was not error to refuse to give to the jury the latter, especially in view of the instructions embraced in the main charge limiting appellee's right to recover to such damages as were sustained directly and proximately by falling from the car mentioned in his petition.

Appellant's ninth assignment of error is overruled for the reasons stated in disposing of the sixth assignment of error. The testimony, admission of which is complained of in the tenth assignment of error, was responsive to the question asked, and was the statement of a matter within the personal knowledge of the witness, and therefore not subject to the objections interposed to same.

The testimony of the plaintiff, complained of in appellant's eleventh assignment of error, was admissible in view of the testimony of the brakeman Worsham that the coupling apparatus did not uncouple, and that "the part of the lever that extends out from the car over the knuckle was a little bit shorter than it should be. It was what I term a little bit short, the least little bit. It extended out far enough. It was not straightened out quite far enough. The lever that extends out from the end of the car did not come to an angle enough. I don't know what figure that would cut in the operation of the car, because I am not an expert car man. It could have been that that kept it from

uncoupling." And further the same fact proven by plaintiff was proved by the witnesses Worsham and Slagel without objection by appellant.

Appellant's twelfth assignment of error is overruled for reasons stated in disposing of its tenth assignment of error.

The third paragraph of the charge of the court below is not subject to the criticisms of appellant contained in its thirteenth assignment of error and propositions thereunder. The contention of appellant is that the expression in said paragraph of the charge, "or which should have been known by him to exist," required of the brakeman Worsham a greater degree of care than ordinary care. In our opinion this clause of the charge, when read in connection with the language preceding it, is not susceptible of the construction contended for by appellant. The pronoun "him" in the clause quoted, refers to "a man of ordinary prudence" preceding it in said paragraph of the charge; and hence the said clause should be construed as if it read "or which should have been known by a man of ordinary prudence to exist."

Appellant's fourteenth assignment of error is overruled. There is testimony in the record sufficient to support the finding of the jury that appellant was guilty of the acts of negligence charged against it in appellee's petition and submitted to the jury in the charge of the court, and that such negligence was the direct and proximate cause of appellee's injuries; and the testimony is also sufficient to justify the finding of the jury that appellee was not guilty of contributory negligence in any of the respects charged against him in appellant's answer; and the testimony was also sufficient to warrant the finding of the jury against appellant on the issue of assumed risk set up in its answer. We also conclude that the testimony warrants the finding of the jury that appellee was injured substantially as alleged in his petition, and as a result thereof was damaged in the amount found by the jury.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.