Houston East & West Texas Railway Company v.
R. R. Runnels.

No. 715. Decided November 28, 1898.

**1. Charge of Court—Reconciling Conflict in Testimony.**

The law does not impose upon a jury the duty of reconciling a conflict in the testimony of witnesses. It is impossible to reconcile positive and unequivocal affirmative and negative evidence. (P. 307.)

**2. Same—Credibility—Demeanor of Witness—Prejudice.**

An instruction, in case of conflicting testimony, that the jury in determining credibility should consider the witnesses' manner of testifying and their apparent prejudice, if any, was a charge on the weight of evidence and erroneous, though coupled with a direction to consider all other facts and circumstances in the case. While such considerations are given by the courts as reasons for sustaining verdicts of juries, they are not prescribed by law as tests of credibility. (Pp. 307, 308.)

Error to the Court of Civil Appeals for the First District, in an appeal from Nacogdoches County.

The railway company obtained a writ of error upon the affirmance by the appellate court of a judgment recovered against it by Runnels and from which it had appealed.

*Baker, Botts, Baker & Lovett, J. C. Feagin,* and *Oswald S. Parker,* for plaintiff in error.—The jury should determine as to the credibility of witnesses and the weight to be given their testimony, unaided and unbiased by any suggestion or intimation from the court. Any infringement by the court of this peculiar province of the jury is reversible error. Kellogg v. McCabe, 38 S. W. Rep., 542; Willis v. Whitsitt, 67 Texas, 677; Dwyer v. Bassett, 63 Texas, 277; Eddy v. Lowry, 24 S. W. Rep., 1077; Coats v. Elliott, 23 Texas, 613; Railway v. Osborne, 26 S. W. Rep., 275.

*Branch, Garrison & Blount,* for defendant in error.—That part of the charge quoted in appellant's third assignment of error not only tells the jury that they are authorized to consider age, intelligence, their manner of testifying, their apparent prejudice, if any, but goes further and says they may "consider all other facts and circumstances in the case." The authorities referred to in appellant's brief do not go this far, and do not contain this clause.

BROWN, ASSOCIATE JUSTICE.—We copy the following facts found by
the Court of Civil Appeals:

"Appellee, who was a woodchopper in the employment of the appellant, and as such was accustomed to traveling upon passes upon freight trains over its road, on the 11th day of July, 1896, at Houston, procured a pass entitling him to travel from that place to Humble. He resided near the railroad at a point about three miles beyond Humble from Houston. There was a wood yard near his home at which such trains sometimes stopped to take on wood. He entered a freight train and traveled upon it to and beyond Humble, at which place no stop was made. The trains did not always stop there, and appellee did not insist upon having this train stop there.

"When the train reached the neighborhood of appellee's house, the conductor ordered the brakeman to flag the engineer to stop, which was done, and the speed of the train was reduced to a rate slow enough to have enabled appellee to get off safely, and the conductor directed appellee to get ready and get off. Appellee went out of the caboose in obedience to this direction and stood upon the step, which was wet and slippery, waiting to get off, when there came a sudden jerk which caused him to slip and fall from the step, still holding the handrail. He was thus pulled some distance until his foot or clothing was caught by a spike, and he was then jerked to the ground, suffering severe injuries. The evidence conflicts as to the circumstances under which he left the caboose, the conductor and brakeman stating that he did so not only without any direction but against the orders of both of them. This conflict was submitted by the charge, and we find the above facts in support of the verdict. We also conclude that appellant's servants were guilty of negligence in thus acting and operating the train, and that appellee was not guilty of negligence. The sufficiency of the evidence to sustain the verdict is not questioned by the assignments.

"The appellant introduced evidence tending to show that appellee had made statements concerning the transaction in conflict with his testimony, and tending to show that his general character for truthfulness was bad. Appellee undertook to explain the one and to rebut the other by evidence as to his *good character for veracity*.

"Appellant, in cross-examination of appellee, showed that he had been convicted of theft, a misdemeanor, and appellee was then allowed, over objection, to testify to facts showing that he was not guilty, but had been wrongfully convicted. The conviction took place six or seven years before this trial."

The plaintiff relied solely upon his testimony for a recovery. As to the main facts attending the injury, there was, between the plaintiff and two of the defendant's employes who testified, as positive a conflict as can be produced by opposing affirmative and negative statements. The conductor and the brakeman bore such a relation to the facts of the case as made them guilty of negligence if the statements of the plaintiff were true, and they might "apparently" be prejudiced against the plaintiff.

The judge of the trial court instructed the jury as follows: "If you should find there to be a conflict in the evidence, it will be your duty to reconcile such conflict, if you can, so as to give credit to the whole of the testimony. If you should be unable to reconcile such testimony, then you must decide for yourselves as to which testimony you will believe, and in determining what weight you will give the testimony of any witness testifying in the case, you are authorized to consider age, intelligence, their manner of testifying, their apparent prejudice, if any, and all other facts and circumstances in the case, and you can give to such witness testifying in the case such weight and credit as you see fit."

The law does not impose upon a jury the duty of reconciling a conflict in the testimony of witnesses; it is impossible to reconcile positive and unequivocal affirmative and negative evidence. Seeming conflicts may be shown not to exist, but a real conflict between witnesses can only be disposed of by discarding the testimony on one side of the issue. It is the province of the jury to pass upon the credibility of the witnesses and they may disregard the testimony of a witness who has neither been impeached nor contradicted, if they believe his statements to be untrue from his manner of testifying, prejudice exhibited towards the opposite party, or his interest in the result of the litigation, or other things indicating that the evidence is not reliable. Cheatham v. Riddle, 12 Texas, 112; Coats v. Elliott, 23 Texas, 613. The law has not, however, prescribed as *tests* of credibility the demeanor of a witness, his prejudice, etc., but courts have refused to set aside verdicts rendered upon conflicting testimony when the apparent weight was against the finding of the jury; and in support of their rulings have generally assigned the reason that the witnesses were before the jury, who had the opportunity to see their manner of testifying, to observe whether they disclosed prejudice in the case, and other matters which would indicate the want of truth in their statement, either from intentional misstatement or from other causes, and might have discredited some of them, making the weight of the credible evidence to differ from that which appears of record. This is a rule by which courts are governed and not to control juries in passing upon the credibility of witnesses.

While a jury may consider everything named in the charge, it is not proper for the judge who presides at a trial to prescribe them as tests to be applied by the jury, because in so doing he comments upon the weight of the testimony. Dwyer v. Bassett, 63 Texas, 277; Willis & Bro. v. Whitsitt, 67 Texas, 677; Davidson v. Wallingford, 88 Texas, 624. In the case last cited, Chief Justice Gaines said: "The court should simply have charged that the jury were the judges of the credibility of the witnesses and the weight of the evidence. The effect of the instruction was to lead the jury to believe that there was more question as to the credibility of the witness who was named than as to that of the other witnesses. Whether such was the fact or not is a matter solely for the determination of the jury, without any intimation, either direct or indirect, as to the opinion of the judge." Chief Justice Willie, in commenting

upon a very similar charge, in the case of Willis & Bro. v. Whitsitt, cited above, said: "The appellee was the only witness examined who had any real pecuniary interest in the suit. By giving the charge, the court would have said in effect that the jury should take into consideration the appellant's interest in determining whether or not they should believe his testimony. Such a charge is virtually upon the weight of the evidence, tending to make the jury believe that in the opinion of the judge the testimony of a particular witness was not entitled to much weight in making up their verdict. Such a charge is inconsistent with the freedom allowed to the jury in passing upon the weight of testimony and the credibility of witnesses." The charge before us virtually called the attention of the jury to the fact that some of defendant's witnesses might be prejudiced, and invoked their attention to it in determining the conflict between them and plaintiff. Dwyer v. Bassett, cited above. In that case, the court said: "The mere fact that such a charge was given was calculated to influence the jury to believe that, in the opinion of the court, there were 'attendant circumstances' which would authorize them to disregard his testimony; for unless there be evidence to authorize the giving of the charge, it should not be given." If the judge did not believe there was "apparent prejudice," why mention it?

It is claimed by counsel for the defendant in error that the charge complained of in the present case was not objectionable because it did not confine the jury to the things particularly specified, but authorized them to consider "all other facts and circumstances in the case." The error consisted in specifying the particular things which the jury might consider, which things in the state of facts before the court, pointed with more or less force to particular witnesses who had testified in the case, and was not cured by referring to all other facts. The court erred in giving this charge to the jury, for which the judgment must be reversed.

We have examined the other grounds of error assigned in the application, but find that the most of them relate merely to the manner in which the case was presented and will not probably arise upon another trial. The fourth ground of error complains of the refusal of the court to give special instructions asked by the defendant. We think that the instructions were not in such form as required the court to give them. Besides, in our opinion, the charge of the court fully presented the propositions indicated by the special charges, so far as they were justified by the law.

For the error indicated, the judgments of the District Court and Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and remanded.*