## SMITH v. MILAM.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 23, 1911. Rehearing Denied Jan. 27, 1912.)

1. LANDLORD AND TENANT (§ 331*)—RENTAL ON SHARES—BREACH OF CONTRACT—DAMAGES.

A tenant of a farm on shares wrongfully ousted by the landlord may recover the value of his share, less the sums he could by reasonable diligence have subsequently earned, and less the value of the labor he would have hired to market the crop.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1361; Dec. Dig. § 331.*]

2. LANDLORD AND TENANT (§ 331*)—RENTAL ON SHARES—BREACH OF CONTRACT—DAMAGES.

A tenant of a farm of 66 acres, on shares, who claimed damages for his wrongful dispossession by the landlord, and who testified that he would have cultivated 50 acres in cotton and the remainder in corn, and that he would have raised a specified amount of cotton and corn, of a specified value, and would have received a half thereof clear of all expenses to him, tendered the issue that he would not have incurred any expense for the crops; and,

though no witness gave an estimate to the contrary, a jury could disregard his opinion on the issue, especially with evidence of the lack of energy of the tenant, as bearing on the measure of damages.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 331.*]

3. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—ERRONEOUS RULINGS ON PLEADINGS.

Any error in overruling special exceptions to allegations in the petition is harmless, where the court does not submit issues presented by the allegations, and there is no evidence to sustain them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4105; Dec. Dig. § 1040.*]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by John E. Smith against Dave Milam. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

J. C. George, J. B. Keith, and B. E. Cook, for appellant. W. H. Garrett, M. J. Thompson, and Chandler & Pannill for appellee.

DUNKLIN, J. J. E. Smith instituted this suit against Dave Milam to recover title and possession of a tract of land. By virtue of a writ of sequestration sued out by plaintiff, the defendant was ousted of possession of the land on January 8, 1910, and, by plea in reconvention, he sued the plaintiff for damages, upon allegations that the writ was wrongfully issued. Interpreted in the light of the court's charge, the verdict of the jury shows a finding that Milam rented from Smith, for the year 1910, 66 acres of the land sued for, under a contract that Milam would furnish the labor necessary to cultivate, harvest, and market a crop, that Smith would furnish to Milam the land, together with teams, feed, and implements necessary to raise and harvest the crop, and the parties should share equally in the crops so produced. For the breach of that contract by Smith, the jury returned a verdict in Milam's favor for $300, but awarded the plaintiff title and possession of the land. From the judgment in favor of Milam for the damages awarded, Smith has appealed.

[1, 2] After being ousted from the land in controversy, Milam rented other land, which he cultivated during the year 1910. The court instructed the jury that, if they should find in favor of Milam on his plea in reconvention, then they should "assess his actual damages at the reasonable market value of one-half of the corn and cotton which the defendant would be reasonably expected to have received upon said premises during the crop year 1910, less such amount as the defendant is shown to have earned, or, by the use of ordinary diligence he might have earned, by engaging in a similar or different business after the breach of said contract." In failing to instruct the jury that the reasonable value of such labor as the defendant

would have hired, if any, in order to cultivate the 66 acres so rented from Smith, should also be deducted from the market value of the crop he would have realized, we think there was error. Crews v. Cortez, 102 Tex. 111, 113 S. W. 523. The defendant testified that, without hiring other labor, he could and would have cultivated 50 acres of the land in cotton and the remainder in corn; that he would have raised 12 bales of cotton, worth approximately $75 per bale, and 140 bushels of corn of the value of 70 cents per bushel, and would have received for his share one-half of those crops clear of all expense to him. He thus tendered the issue that he would not have incurred any expense in cultivating, harvesting, and marketing the crops he would have produced; and, while no witness gave an estimate to the contrary, yet, as he was an interested witness, the jury had the right to disregard his opinion upon that issue, especially in the light of other evidence tending to prove a lack of energy in the defendant in the prosecution of his work. H. E. & W. T. Ry. v. Runnels, 92 Tex. 307, 47 S. W. 971; Heierman v. Robinson, 26 Tex. Civ. App. 491, 63 S. W. 657; McCormick v. Kampmann, 102 Tex. 215, 115 S. W. 24; Railway v. Taylor, 54 Tex. Civ. App. 419, 118 S. W. 1097; Steeley v. Tex. Imp. Co., 55 Tex. Civ. App. 463, 119 S. W. 319; Lumber Co. v. Stewart, 141 S. W. 295, and authorities cited.

[3] Complaint is made of the refusal of the trial court to sustain special exceptions to certain allegations in plaintiff's petition; but the court failed to submit to the jury issues presented by those allegations, thus, in effect, sustaining the exceptions, and, as appellant has not pointed out any evidence introduced to sustain those allegations, the errors in the rulings, if any, were harmless.

For the error in the court's charge indicated above, the judgment is reversed and the cause remanded.