CRANE v. WESTERN UNION TELEGRAPH CO.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 2, 1912. On Motion for Rehearing, Dec. 7, 1912.)

1. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—RULING ON SPECIAL EXCEPTION.

Any error in overruling a special exception to the answer is harmless, where the instructions precluded any verdict for the defendant on the matter set up.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

2. TRIAL (§ 260*)—INSTRUCTIONS COVERED BY OTHERS GIVEN.

A requested charge covered by an instruction given is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. TELEGRAPHS AND TELEPHONES (§ 67*)—ACTIONS FOR DAMAGES—GROUNDS — NOTICE OF CIRCUMSTANCE.

Without notice to a telegraph company that he was going to undertake a trip, relying on the agent's statement that his telegram had been delivered, the sender's special damages occasioned by the trip were not in contemplation of the agent or the company at the time, and hence were not recoverable.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 64–68; Dec. Dig. § 67.*]

4. TRIAL (§ 191*)—INSTRUCTIONS — ASSUMPTION OF FACTS.

On findings that plaintiff explained to the sending agent that he desired the telegram delivered to the addressee in person, and that thereafter the agent falsely informed him that the telegram had been so delivered, without a further finding that plaintiff undertook a trip on faith of the information given, a requested charge authorizing a verdict for plaintiff was properly rejected, as assuming in effect that plaintiff's trip was undertaken on the faith of the agent's information.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

On Motion for Rehearing.

5. EVIDENCE (§ 590*)—INTERESTED WITNESS —CREDIBILITY.

The jury is not bound to believe the testimony of an interested witness, though not directly contradicted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2439; Dec. Dig. § 590.*]

Appeal from Nolan County Court; John J. Ford, Judge.

Action by R. C. Crane against the Western Union Telegraph Company. Judgment for defendant, and plaintiff appeals. Affirmed.

H. R. Bondies, of Sweetwater, for appellant. Ed. J. Hamner and Geo. T. Wilson, both of Sweetwater, and Geo. H. Fearons, of New York City, for appellee.

CONNER, C. J. [1] Appellant's first assignment of error must be overruled on the ground that the court's charge expressly precluded a verdict for the defendant on the ground that plaintiff had failed to have his message repeated. The jury were specifically instructed to find for the plaintiff, unless they found against him on the issue of an agreement to deliver the telegram to the addressee in person. The error of the court, therefore, if any, in overruling plaintiff's first special exception, and in permitting the introduction of the special provision of the telegraphic contract referred to, was harmless.

[2] What we have said in disposing of the first and second assignments of error applies, also, to the objection made in the third assignment. It is not reasonably probable that the jury understood from the language of the charge that they could give effect to the special provision relating to the repetition of the message in view of the very clear instruction that, if they found the oral contract as alleged by the plaintiff, they would find for him, and the special charge referred to in the fourth assignment could not have added force to the charge actually given. The third and fourth assignments are therefore overruled.

[3, 4] Assuming that appellant presented in his petition the independent ground of recovery contemplated by his special charge No. 2, though this is not very clear, we think the court's ruling in rejecting it cannot be set aside. The charge authorized a verdict merely on findings that appellant explained to the sending agent that he desired the telegram delivered to the addressee in person, and that thereafter such agent gave the false information that the telegram had been so delivered. These facts alone would not support a recovery in the absence of a further finding that appellant undertook the trip to Bristol on the faith of the information given, for the reason that without notice that such action would be taken by appellant in reliance upon the information the special damages occasioned by the trip cannot be said to have been in contemplation of the agent or telegraph company at the time. See M., K. & T. Ry. Co. v. Belcher, 89 Tex. 428, 35 S. W. 6. The charge, therefore, was properly rejected as being on the weight of the evidence in assuming in effect that appellant's trip was undertaken on the faith of the statement of the agent that the telegram had been delivered to P. M. Harris in person.

The criticisms of the charge made in the sixth and seventh assignments we think are without merit, and the evidence complained of in the eighth assignment seems entirely harmless, in view of the further undisputed testimony that the regular rate for the transmission of the telegram was 80 cents, as shown by tariff sheets properly admitted in evidence, and in view of the further fact

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

that there is no contention that the 80 cents paid by him for the transmission and delivery of the message was insufficient, or that it was intended for the delivery to be any place other than at Bristol, Tenn.

The record has been carefully considered, but we find no reversible error presented, and accordingly feel constrained to overrule all assignments and affirm the judgment.

### On Motion for Rehearing.

[5] It is insisted that appellant's special charge No. 2 should have been given notwithstanding the assumption that appellant undertook the trip to Bristol, Tenn,, on the faith of the agent's statement that the telegram had been given to the addressee in person for the reason that such fact was undisputed. True, it was so testified by appellant without direct contradiction. It must be remembered, however, that notice of the contemplated journey must be brought home to the sending agent before the special damages claimed were recoverable, and, appellant being an interested witness, the jury were not bound to believe him. See H. E. & W. Tex. Ry. Co. v. Runnels, 92 Tex. 307, 47 S. W. 971; Bolt v. State Savings Bank of Manchester, Iowa, 145 S. W. 707. The court could not therefore assume, as special charge No. 2, in effect, did assume, that the sending agent knew that appellant's trip to Bristol was dependent on whether the telegram was delivered to the addressee in person.

The error of the writer in stating in our original conclusions that the tariff sheets were introduced in evidence is wholly immaterial, in view of the undisputed fact that 80 cents was the amount charged and paid by appellant for the transmission and delivery of the telegram. There can be no reasonable contention from the record that the 80 cents was intended to cover any additional expense.

We think the motion must be overruled.