BRADSHAW et ux. v. KEARBY & KEARBY et al. (No. 7973.)

(Court of Civil Appeals of Texas. Ft. Worth. May 9, 1914. On Motion for Rehearing, June 20, 1914.)

1. HOMESTEAD (§ 181*)—ABANDONMENT—SUFFICIENCY OF EVIDENCE.

In a suit by a husband and wife to set aside a sale of land under a deed of trust, evidence *held* to support a finding that, if the land was ever the homestead of the parties, it was permanently abandoned by them prior to the execution of the deed of trust.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 351–353; Dec. Dig. § 181.*]

On Motion for Rehearing.

2. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR—REQUISITES AND SUFFICIENCY.

Under Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136, providing that where a motion for a new trial has been filed the assignments therein shall constitute the assignments of error and need not be repeated by the filing of assignments of error, assignments of error contained in appellant's brief will be stricken on motion and not considered, where they are not even substantial copies of the assignments in the motion for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by H. C. Bradshaw and wife against Kearby & Kearby and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Cunningham & Oliver and A. H. Kirby, all of Abilene, for appellants. Kearby & Kearby, of Comanche, and Ben L. Cox, of Abilene, for appellees.

DUNKLIN, J. H. C. and Rosa Bradshaw executed a deed of trust on a house and lot in the town of Potosi to secure Kearby & Kearby in the payment of two promissory notes for $250 each signed by H. C. Bradshaw and Rosa Bradshaw. The substitute trustee under the deed of trust sold the property under the terms of that instrument, and Kearby & Kearby became the purchasers. This suit was instituted by H. C. and Rosa Bradshaw to set aside that sale and recover the property upon allegations that at the time the deed of trust was executed the property was the homestead of plaintiffs. A trial by the court without the aid of a jury resulted in a judgment in favor of the defendants, from which plaintiffs have appealed.

The judgment contains findings by the court that:

"If said property was ever the homestead of plaintiffs, it had been permanently abandoned by the plaintiffs prior to the execution of said deed of trust thereon, and at the time of the execution of said deed of trust the plaintiffs had no intention of returning to or occupying same as a homestead, but had permanently abandoned the same."

[1] Heretofore on motion of appellees all assignments of error except the sixth assignment were stricken out because the same were not in compliance with the rules for briefing. The sixth assignment is, in effect, that the court erred in overruling plaintiffs' motion for a new trial because the evidence showed that prior to the execution of the deed of trust the property was the homestead of plaintiffs and there was no evidence to show that it had ever been abandoned as such. But, on the contrary, the evidence conclusively showed that it had not been so abandoned.

We are unable to concur in this contention. The evidence shows without controversy that Mrs. Bradshaw was formerly the wife of J. B. Seaton, now deceased; that she and her former husband were living upon a farm at the time they purchased the property in controversy; and that they lived on the latter property up to the date of the death of Mr. Seaton, a period of about one year and a half. She testified as follows:

"We bought us a home at Potosi, moved and made a loan on the farm because Mr. Seaton was not able to work, and we needed other improvements on the farm for renters so as they could move there on the farm, and so we made Potosi our home and received the rent from the farm for maintenance."

She further testified that immediately after the death of her husband she resided at the Potosi home for some three weeks, then went to Comanche for medical treatment, and while there married H. C. Bradshaw, one of the plaintiffs in the case. Since that marriage she and her husband have resided in the town of Comanche upon rented property. The deed of trust and notes were executed in the town of Comanche, and the plaintiffs had been living there for about one year prior to the date of the deed of trust. Both she and her husband testified that they claimed the Potosi property as their homestead, which was in Taylor county; that they were renting it; but that such rental was temporary only. But H. C. Bradshaw testified that he had resided in Comanche county some ten years, that he paid his poll tax and voted in that county, and that he had never resided in any other county in the state. He further testified:

"As to what my intentions were with reference to occupying the Potosi property as my homestead, I expected to move back there whenever it suited me."

These circumstances in connection with the further fact of the execution of the deed of trust itself are sufficient to support the judgment of the court, and, accordingly, the assignment of error is overruled.

The judgment is affirmed.

### On Motion for Rehearing.

[2] Appellants earnestly insist that we erred in refusing to consider the first five assignments of error contained in their brief. Those assignments were stricken out upon motion of appellees because they were not copies of the grounds assigned for a new trial in the court below. By act of the Thirty-Third Legislature (Gen. Laws.1913, p. 276), article 1612 of the Revised Civil Statutes is so amended as to provide that:

"Where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error."

The first five assignments of error are in no sense even substantial copies of the assignments in the motion for new trial, and for that reason we sustained the motion to strike them out. In appellant's brief the first three assignments are grouped, and following the third is a copy of the first paragraph of the plaintiffs' motion for a new trial. Each of those assignments concludes with a statement that the question therein presented is fully raised in the first paragraph of the motion for new trial. The fourth assignment concludes with the statement that the question therein raised is presented in the second paragraph of the motion for new trial, a copy of which follows the assignment. The fifth assignment concludes with the statement that the question therein presented is raised in the third paragraph of the motion for new trial. We are clearly of the opinion that we did not err in striking out those assignments. Edwards v. Youngblood, 160 S. W. 288. But the error, if any, in that ruling worked no injury to appellants because substantially the same questions presented in the assignments stricken out were involved in the sixth assignment and were duly considered in our discussion of that assignment.

Appellants further insist that we were in error in enumerating the fact of the execution of the deed of trust itself as a circumstance tending to support the judgment of the trial court. It is insisted that such fact could not be legally considered as evidence tending to show an abandonment of the property in controversy as a homestead. Independent of that circumstance, we are of the opinion that the other circumstances enumerated in the former opinion, together with the fact that the testimony of appellants, themselves, who of course were interested parties, was the evidence chiefly relied on by them to support their claim of homestead, were sufficient to sustain the judgment of the trial court. H. E. & W. T. Ry. Co. v. Runnels, 92 Tex. 305, 47 S. W. 971; Heierman v. Robinson, 26 Tex. Civ. App. 491, 63 S. W. 657; Smith v. Milam, 143 S. W. 293; and other authorities there cited.

The motion is overruled.

SPEER, J., not sitting.