RAYNER v. POSEY et al.　(No. 653.)†

(Court of Civil Appeals of Texas. Amarillo. Dec. 12, 1914. On Motion for Rehearing, Feb. 6, 1915.)

1. DEEDS ⬤═66 — DELIVERY — QUESTION FOR JURY—UNDISPUTED TESTIMONY.

Where two deeds, one from W. to R. and the other from R. to W., were executed and delivered on the same day, and, R. being dead, W. was impleaded in trespass to try title as a warrantor, and testified that R.'s deed to him was delivered after his deed to R., and that he had never thereafter reconveyed the property to R., being interested in sustaining his subsequent deed of the property, through which plaintiff claimed, it was the court's duty to submit the question of the order of delivery of such deeds to the jury, though W.'s testimony was uncontradicted.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 127, 633; Dec. Dig. ⬤═66.]

2. EVIDENCE ⬤═230 — ADMISSIONS AGAINST INTEREST—DECLARATIONS OF GRANTOR.

Declarations of a grantor, made before execution of the deed, that he did not claim the land, are admissible as against his grantee.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 835–851; Dec. Dig. ⬤═230.]

3. EVIDENCE ⬤═230 — ADMISSIONS AGAINST INTEREST—DECLARATIONS OF GRANTOR.

While declarations or admissions of a grantor in disparagement of title are admissible against the grantee, if made prior to. the grantee's purchase, they are not admissible as against an innocent purchaser.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 835–851; Dec. Dig. ⬤═230.]

4. APPEAL AND ERROR ⬤═835—RECORD—STIPULATIONS—ADMISSIONS.

Where the determination of an appeal in trespass to try title depended on which of two deeds, made and delivered on the same day, was delivered last, and the Court of Civil Appeals determined that that question should have been submitted to the. jury, it would not reverse its decision and affirm by reason of a stipulation, filed in connection with an application for rehearing, by which the parties agreed that the deed from R. to W. was delivered last; the parties not being permitted to stipulate away the record as presented in order to present an issue in form of a question of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3241–3243; Dec. Dig. ⬤═835.]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Trespass to try title by Alice Rayner against W. S. Posey and others. Judgment for defendants, and plaintiff appeals. Reversed, and motion for rehearing overruled.

W. D. Benson and W. H. Bledsoe, both of Lubbock, for appellant. W. F. Schenck and Bean & Klett, all of Lubbock, for appellees.

HENDRICKS, J. An admission in appellees' motion for rehearing induces this court to change its opinion and its reasons for the disposition of the cause upon this appeal.

This as an action of trespass to try title, instituted in the district court of Lubbock county, Tex., by Alice Rayner against W. S. Posey and George W. Carter, for lot No. 11, in block 133, situated in the town of Lubbock, to which action the defendants pleaded not guilty, innocent purchaser, and the statutes of limitations of three, five, and ten years. The defendants Posey and Carter interpleaded ' certain warrantors in their chain of title, whose rights would necessarily follow the result of the cause, and further reference to their status in this controversy is unnecessary. This cause was tried to a jury, which, upon a peremptory instruction by the court, returned a verdict against the appellant, the plaintiff in the trial court.

Appellant's title consisted of the following chain of conveyances: Patent to Hiram G. Ferris of section 1, in block O, Lubbock county, Tex.; conveyance from Ferris of said section to F. E. Wheelock and W. E. Rayner; an agreement between Wheelock and Rayner in 1890 to select a town site upon said section of land, with a stipulation for partition, by the terms of which Wheelock was to receive the even numbers of the lots in the different blocks, and Rayner was to receive the odd numbers of said lots, as shown by the plat of the town site; deed from Wheelock to Rayner, dated January 31, 1891, conveying the lot in controversy, in accordance with said agreement for partition; deed from Rayner to Wheelock, dated March 5, 1891, · and filed for record March 16, 1891; deed from Wheelock to Rayner, March 6, 1891; deed from W. E. Rayner to W. R. Yates, dated April 23, 1891, recorded same day; deed from Yates and wife to the appellant, Alice Rayner, November 23, 1894, filed for record November 30, 1894.

The appellees, Posey and Carter, claim the same chain of title from the state through the patentee, Ferris, including the deed from W. E. Rayner to F. E. Wheelock, dated March 5, 1891, and recorded March 16, 1891, but thereafter, necessarily departing from appellant's chain of title, and rejecting the deed from Wheelock to Rayner of March 5, 1891, claimed through a deed from Wheelock to J. F. Merritt, dated January 15, 1907, and by conveyances through intermediate

―――――――――

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.

grantors and grantees to the appellees, Posey and Carter.

We are not following the chain of title as introduced in evidence, but in accordance with the status of the record as the opposition titles finally appeared as to the rights of each when the case closed.

The submission of the peremptory instruction by the trial court, and the compulsory verdict of the jury based thereon, in favor of appellees, is assigned as error, and we are of the opinion, the same as upon the original hearing, that said assignment should be sustained. Appellees' position is: First, that the burden of proof is upon the appellant, Alice Rayner, and that she must recover on the strength of her own title, and not upon the weakness of the defendants' title; and, second, the claim is that the testimony in the cause is undisputed that the deed from Rayner to Wheelock, dated March 5, 1891, and filed for record March 16, 1891, was delivered subsequent to the deed from Wheelock to Rayner, dated the same day and filed for record March 6, 1891, and hence that the title to the lot, upon the close of that day, was in Wheelock, and the deed from Wheelock to Merritt of January 15, 1907, and the different conveyances through intermediate grantors and grantees to appellees, Carter and Posey, lodged the superior title in the latter.

It is undisputed that Rayner, before either of the two mentioned deeds of March 5, 1891, was executed, was the owner of the land and of the record title to the property on that date. Wheelock on January 31st, in pursuance of the agreement of partition, had conveyed this odd-numbered lot to Rayner. Appellees' testimony by Wheelock and other circumstances in the record disclose that on the 5th day of March, 1891 (the date of the two deeds in controversy here), Wheelock and Rayner passed several deeds between them, conveying different lots in the town of Lubbock, according to the plat of said town, and the explanation of Mr. Wheelock why the title of this particular lot was in him at the close of the day is as follows:

"This is the deed I have in my hand from W. E. Rayner to myself, dated March 5, 1891. There is a memorandum on the back of this deed, that I placed there when I filed it away with other papers, after it was recorded. From this deed I can state what property I exchanged with W. E. Rayner for lot 11, in block 133 [the lot in controversy]."

In the deed from Rayner to Wheelock of said date, two other lots were therein included, and, continuing, Mr. Wheelock further said:

"I gave lots 1, 3, and 5, in block 105, * * * for the three lots (including lot 11 in controversy) in the deed from Rayner to me. After the deed I have was delivered to me, conveying to me lot 11 in block 133, I never conveyed to W. E. Rayner lot 11 in block 133."

Rayner died previously to the time of this trial, and Wheelock was the only witness who testified as to the matter of conveyance or delivery. While he disclosed a consideration—one of exchange—for the deed of Rayner to him for lot 11 in block 133, on March 5, 1891, and while he further says that after this deed was delivered to him he never conveyed to Rayner the same property, there is not the slightest explanation in this record from him as to the actuating consideration of the deed executed by him to Rayner, embracing the same property, dated the same day, and ostensibly, according to the logical sequence of ownership, revesting the title in Rayner, lodging it there at the close of that day. This deed from Wheelock to Rayner, dated on the same day, is one of general warranty. In 1890 he had made an agreement with Rayner to select a town site on the section of land conveyed to them by Ferris, and with a stipulation for partition, in pursuance of which he was to convey this odd numbered lot to Rayner. Thirty-five days previously—January 31, 1891—in pursuance of the partition agreement, he had conveyed said lot, an odd number, to Rayner.

Why he had executed a general warranty deed, and delivered the same previously to the time that Rayner executed another deed to him of the same lot, and at a time when he (Wheelock) had no title to the property, and within such a short time after he had previously conveyed the same lot to Rayner, is totally unexplained; and we think the mere statement by Wheelock, opinionative in its nature, more than 20 years after the execution of his deed to Rayner, and made the same day as Rayner's deed to him, is insufficient testimony of an undisputed nature for the trial court to take the cause from the jury on the question of the time of the delivery of the deeds; neither do we think that the additional circumstances of the time of recording these two instruments—the Wheelock deed having been recorded first, and the Rayner deed last—in connection with the notary's record, in making his memorandum, or the order shown therein, are of sufficient probative significance, aiding the testimony of Wheelock himself, as that ordinary minds, without any difference of opinion, would say that Wheelock's deed was delivered to Rayner first, and that hence Rayner's deed to the former left the title in him on the close of the day of March 5, 1891. The warranty deed executed by Wheelock to Rayner, imports an assertion, as evidence, that he was the owner in fee simple of the particular land, at the time he executed the instrument. Lindsay v. Freeman, 83 Tex. 259, 18 S. W. 727.

We are not holding that Wheelock, or his privies in estate, on account of the general warranty, and the nature of the deed Wheelock executed, are bound by the affirmation in said deed, and are precluded from saying that the Rayner deed was delivered last. We are holding that the execution of the Wheelock general warranty deed of March 5, 1891, is a pertinent circumstance to show—

especially in connection with the fact that 35 days previously he had already conveyed the lot to Rayner—that Wheelock owned the land when he conveyed it.

We, of course, agree with appellees that the burden of proof was on the appellant to show that she had a superior title to that of appellees; but we think, however, the correct rule is that, when the appellant showed the chain of title as it finally appeared at the close of the evidence, the burden was upon the appellee to then show that the deed from Rayner to Wheelock, of March 5, 1891, was delivered last, in defeating what we believe to be the prima facie case of appellant.

When appellant finally introduced her chain of title from Ferris, the patentee, it was a natural order of conveyancing, placing the apparent title in Rayner upon the close of that day. Because it happened that two deeds were dated the same day, from Rayner to Wheelock and Wheelock to Rayner, we are unable, from any legal principle advanced, or any sound reasoning suggested to us, to see why the appellant should have the laboring oar to proceed further than the natural sequence and logical order in which the deeds would ordinarily have been executed, apparently vesting said title in Rayner at the particular time mentioned. The warranty deed from Wheelock to Rayner, as stated, is an assertion of the fact of ownership, and in connection with the previous conveyance of Wheelock to Rayner, in pursuance of the partition agreement, the prima facie effect of his deed as of that date would necessarily be that it was an instrument conveying title and land owned by him at the time of its execution and delivery.

If the contention were that, though Wheelock signed the deed in question, but had never made any delivery whatever of the same (as we thought deducible on the original hearing), the fact of the record of the instrument and the possession of the deed by the grantees, in connection with the presumption that a deed is delivered on the date of its execution, would clearly put the burden of proof in such a case upon the appellees to prove such nondelivery. The Supreme Court of Illinois, in the case of Tunison v. Chamblin, 88 Ill. 379, was so strongly impressed with the doctrine of presumptive delivery by possession that it used the following language in that case:

"When a deed, duly executed, is found in the hands of a grantee, there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption. Otherwise, titles could be easily defeated, and no one could be regarded as being secure in the ownership of land. It cannot be that a grantor may assail a conveyance 15 or 20 years after a deed has been made, and recover the land by merely swearing he never delivered the deed. The unsupported evidence of a grantor cannot be permitted to have such effect, especially when the evidence of such a grantor is, in many material matters, contradictory, and who seems to act on a low moral plane. To so hold would render all titles insecure, and would be disastrous in the extreme."

We are not adopting the expressions as to the enunciation of legal principles to the extent indicated by the Illinois Supreme Court, or that the expressions of the court as to the grantor in that case are applicable to Wheelock here, but are merely quoting the same as bearing upon appellees' proposition as to the undisputed effect of testimony in similar cases—that case, one of nondelivery; this case, one of time of delivery. Appellees say it is true that Wheelock's deed to Rayner was delivered; but they say it was delivered at a time when he had no title, though he executed a warranty deed, and he is saying it more than 20 years after the transaction occurred, without any explanation in this record why he executed a deed ostensibly asserting ownership of the property attempted to be conveyed.

We think the case of Breen v. Morehead, 104 Tex. 254, 136 S. W. 1048, Ann. Cas. 1914A, 1285, by the Supreme Court, has no application whatever to this case. Necessarily, as decided by the Supreme Court, we would hold that a purchaser is not bound to search the records previous to the origin of the title of his vendor for the purpose of ascertaining conveyances by his vendor at a time when the record did not indicate that his vendor had any title.

On account of the character of the deeds from Rayner to Yates and Yates to Alice Rayner, the appellant, the latter is not able to say that Wheelock and his privies are estopped upon his warranty. Rayner conveyed to Yates such lots only in certain blocks as he owned at the date of his conveyance. If Wheelock, when he delivered his deed to Rayner, had no title to convey to Rayner, and thereafter Rayner delivered his deed to the same property to Wheelock, the latter had title upon the close of the day; and when Rayner thereafter conveyed to Yates only "the lots now owned by" him at the time of such deed, if Rayner did not own lot 11 he did not convey it; and Yates' deed to his daughter, Alice Rayner, the appellant, was upon $1 and love and affection; but, if Rayner's deed was delivered first and Wheelock's last, appellees had constructive notice of the latter deed, and cannot recover.

In reverting to the title of Wheelock's grantees, the question also of innocent purchaser in the condition of this record is of no weight or legal significance in the cause. If the jury, on another trial, find upon the whole case that Rayner's deed to Wheelock was delivered previously to the deed from Wheelock to Rayner, of date March 5, 1891, the cause is ended in favor of Alice Rayner, and the converse proposition is likewise true in favor of the appellees. Again, if they should find that the two deeds of that date were connected and a part of the same transaction, so as to make the passing of the deeds

in pursuance of some trade by which the two deeds so executed were to leave the title in Rayner, it would be immaterial as to the time of delivery, so they were delivered.

Upon our former consideration of this cause, we construed the statement of Wheelock to the effect that he had not conveyed this property subsequently to the time Rayner conveyed it to him, to also have reference to the deed of January 31, 1891 (a previous deed executed by him), and while he was not denying under oath his signature of the deed of March 5, 1891, the writer was inclined to think that the broad statement of the witness quoted by us left the question in the record of total lack of delivery of the deed of March 5, 1891. The condition of this testimony is of rather a peculiar nature, and we viewed the record as to what we thought it meant, and as to the contentions that might be deducible therefrom, irrespective of the manner in which it was argued in the brief. Since the admission in appellees' motion for rehearing that Wheelock's deed to Rayner was delivered, we necessarily treat the case differently, withdrawing our former opinion in disposing of this case but still think on account of the reasons herein suggested, that the case as to the time of delivery, should never have been withdrawn from the jury and the original judgment, reversing and remanding the cause stands as originally decided with the further order that the appellee be granted 15 days from this date to file an amended or additional motion for rehearing.

We think the three years statute of limitation is not applicable.

## On Motion for Rehearing.

The appellees, as a part of their motion for rehearing in this cause, submit and file the following agreement:

"It is admitted by appellant, Alice Rayner, that the deed from F. E. Wheelock to W. E. Rayner, dated March 5, 1891, conveying lot 11 in block 133 to W. E. Rayner, was delivered before the deed from W. E. Rayner to F. E. Wheelock, dated March 5, 1891, was delivered, and that the record affirmatively shows that fact; in other words, that the deed from W. E. Rayner to F. E. Wheelock, dated March 5, 1891, was delivered after the delivery of the deed from F. E. Wheelock to W. E. Rayner, dated March 5, 1891, and that both were delivered on the same day.

"This agreement is made for the purpose of settling the disputed issue of the time of delivery, and of presenting it to the court in the form of a question of law for its decision."

We held that upon the record the question of the time of delivery of the deed of date the 5th day of March, 1891, executed by Wheelock to Rayner, for the property in controversy, was a disputed fact for the jury. Appellees are still contending that the testimony of Wheelock, to the effect that, after the deed from Rayner to him was delivered, he never conveyed to Rayner the same lot, is undisputed, and upon this hearing presents the agreement signed by counsel for appellant, to close the question.

[1] Referring to our opinion, in which we held, for reasons indicated therein, that the question of the time of delivery was a disputed question, we make the following additional observations: The testimony of Wheelock, in the nature of an opinion, delivered over 20 years after the transaction, and being a party to the suit, the jury would have had the right to have rejected. He was a party to this suit, having been impleaded as a warrantor. The Supreme Court of the United States said in the case of Sonnentheil v. Brewing Co., 172 U. S. 408, 19 Sup. Ct. 236, 43 L. Ed. 495:

"They were all apparently interested in sustaining the deed, and in denying all knowledge of a fraudulent intent; and while the jury has no right to arbitrarily disregard the positive testimony of unimpeached and uncontradicted witnesses, * * * the very courts that lay down this rule qualify it by saying the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact."

This rule, following the Supreme Court of the United States, was adopted in the cause of Burleson v. Tinnin, 100 S. W. 351 (writ of error denied), and is announced in numerous cases: Railway Co. v. Johnson, 23 Tex. Civ. App. 192, 55 S. W. 772; Franklin Life Ins. Co. v. Villeneuve, 29 Tex. Civ. App. 128, 68 S. W. 203; Heierman v. Robinson, 26 Tex. Civ. App. 491, 63 S. W. 657; McCormick v. Kampmann, 109 S. W. 493; Galveston, H. & S. A. Ry. Co. v. Murray, 99 S. W. 148; and by this court in Groves v. Whittenberg, 165 S. W. 891.

[2, 3] Again, just before the conveyance of the particular property in controversy by Wheelock to Merritt, one C. A. Pierce testified that Wheelock made the declaration that he did not own lot 11, block 133, the same property. Declarations of a grantor in a deed, made before its execution, that he did not claim the land, are admissible against his grantee. Snow v. Starr, 75 Tex. 411, 12 S. W. 673. See, also, Wilson v. Simpson, 80 Tex. 279, 16 S. W. 40; City National Bank v. Flippen, 66 Tex. 610, 1 S. W. 898. While it is true that declarations or admissions in disparagement of title are admissible against the grantee of the person making the same, if made prior to the grantee's purchase, they are not admissible as against an innocent purchaser. Ellis v. Stone, 4 Tex. Civ. App. 157, 23 S. W. 405.

We held in our former opinion, and repeat here, on account of the condition of the record, the sole question involved is one of delivery, and the question of innocent purchaser under Wheelock has no relevancy to the controversy. Devlin on Deeds, vol. 1 (3d Ed.) § 266, says:

"Where there is positive evidence that a deed was delivered at its date, and it is shown in addition this deed was ready for delivery at that time, and that its delivery was practicable, the

evidence, consisting of verbal admissions, and the testimony of prejudiced parties to establish a delivery at a different time, cannot be regarded as convincing in a proceeding in equity."

The case of McCullough v. Day, 45 Mich. 554, 8 N. W. 535, rather bears out Devlin's statement, and is cited by us as referable to the issue of time of delivery, as a jury question.

[4] This record does not affirmatively show, as an undisputed fact, that Wheelock, on the 5th day of March, 1891, delivered his deed to Rayner before Rayner delivered the deed to him (Wheelock) embracing the same .property; and this court, upon full deliberation, refuse to be bound by such an interpretation and such an addition. If this agreement were made in the lower court, it should have been incorporated into the record. As we view the cause, if it is a fact that Wheelock's delivery was previous to Rayner's there was nothing to litigate; the title would be necessarily in appellees. We went as far, and probably further, than the rules of law would admit in writing the former opinion on rehearing, upon admission of a fact by appellees against his interest; but we are unwilling to go to the extent of affirming this cause upon an agreement as to what the record shows, as the cause is necessarily tried upon the record as it is made and forwarded to this court upon appeal, and not upon a different record made thereafter. Neither should we permit a record to be agreed away, for the purpose of presenting an issue "to the court in the form of a question of law, for its decision."

In behalf of the learned trial judge, who peremptorily instructed a verdict in this cause, it may be that such an agreement was made in the lower court, and, if so, neither is appellant's counsel to be criticized for attempting to stay with his agreement. If made in the lower court, as attempted to be added to the record here, the trial judge could have done no more nor less than he did. We are convinced, however, as the record speaks here, the evidence is ample as a jury question.

The motion for rehearing is in all things overruled.