## GARRISON v. GREAT SOUTHERN LIFE INS. CO.

### No. 11622.

Court of Civil Appeals of Texas. Dallas.
May 12, 1934.

Rehearing Denied June 16, 1934.

See, also, 69 S.W.(2d) 218.

Smith & Smith, of Dallas, for appellant.

Vinson, Elkins, Sweeton & Weems, Fred R. Switzer, and David T. Searls, all of Houston, for appellee.

BOND, Justice.

The Great Southern Life Insurance Company, assignee of the Southern Union Life Insurance Company of Fort Worth, Tex., instituted this suit against John Furman Garrison, in a district court of Dallas county, to enjoin the prosecution of three suits, pending in the justice and county courts of said county, brought by Garrison on a policy of accidental insurance, providing for the payment of an indemnity of $20 per month, conditioned upon insured becoming totally and permanently disabled through external and violent accidental means; and for a mandatory order to compel the respondent to implead his cause of action by way of a cross-bill for all installments due, and for such other subsequent installments as the respondent may thereafter be entitled.

The court granted the restraining order and mandatory injunction, and, in obedience

thereto, appellant, as plaintiff in cross-action, filed his petition, setting out in detail the issuance of the policy of insurance by the Southern Union Life Insurance Company, the assumption by appellee of all liabilities thereunder, his compliance with all of the terms and conditions of the policy, payment of the annual premiums of October 18, 1929, and his subsequent disability.

Appellee, as defendant in cross-action, filed a responding petition, reciting a general denial of liability, a forfeiture of the indemnity, because of insured's failure to furnish notice and proof of injury, as required by the terms of the policy. Its defense centered mainly on the issues that notice and proof of disability were conditions precedent to appellant's recovery, and he, not having furnished such information, forfeited the indemnity, as well as all rights to the waiver of payment of premiums, as per the terms of the policy.

Appellant met the issues of his failure to give notice and proof of disability by supplemental pleadings, quoting: "That within a reasonable time after the date of injuries, resulting in total and permanent disability, the insured, John Furman Garrison, did, on or about February 1, 1930, and again on or about February 8, 1930, and again on or about March 1, 1930, give the insurer, Southern Union Life Insurance Company, due notice of insured's total and permanent disability, and did then and there offer to make due, proper and positive proof of insured's total and permanent disability, as aforesaid, but the said insurer, Southern Union Life Insurance Company, refused to consider the insured's claim to any extent, and to any amount whatsoever, and stated that it would be useless and needless, and a waste of time to furnish the said insurer with due proof of the insured's disability, in that, they refused to pay any part or portion of the indemnity."

The case was presented to a jury on special issues, submitting only the facts as to appellant's injuries, the extent and duration of his disability, all of which were found favorable to appellant; and, by agreement of the parties, the court, without the aid of the jury, found the amount due and to become due, according to the terms of the policy, and the amount of statutory attorney fees, for appellee's breach. No issue was submitted to the jury as to appellant's failure to give notice to appellee of his injuries, or the filing of proof of disability, or as to appellee waiving such conditions, and no

agreement was made by the parties in reference thereto.

On motion, judgment was rendered in favor of appellee, notwithstanding the findings of the court and jury; thus this appeal.

Appellant requested the court to submit to the jury the following issues, which were refused, and to the action of the court assignments of error are predicated:

"Special Issue No. 1: Do you find and believe from a preponderance of the evidence that the Southern Union Life Insurance Company received a letter mailed in the rural mail box, as testified to by plaintiff, John Furman Garrison? Answer this special issue 'yes' or 'no,' as you find the facts to be.

"Special Issue No. 2: Do you find and believe from a preponderance of the evidence that plaintiff, John Furman Garrison, called in person upon the Southern Union Life Insurance Company at their Fort Worth office, as testified to by plaintiff? Answer this special issue 'yes' or 'no,' as you find the facts to be.

"Special Issue No. 3: Do you find and believe from a preponderance of the evidence that plaintiff, John Furman Garrison, offered to make proof of his disability at the Fort Worth, Texas, office of the Southern Union Life Insurance Company? Answer this special issue 'yes' or 'no,' as you find the facts to be.

"Special Issue No. 4: Do you find and believe from a preponderance of the evidence that the Southern Union Life Insurance Company refused to accept proof of loss, as offered, if you have so found that John Furman Garrison did offer to make proof of loss at the Fort Worth, Texas, office of the Southern Union Life Insurance Company? Answer this special issue 'yes' or 'no,' as you find the facts to be."

The policy sued on provides that: "The Southern Union Life Insurance Company will, upon receipt of proof satisfactory to the company, that the insured has * * * become totally and permanently disabled, through external and violent-accidental means * * * pay to the insured an annuity for life in monthly installments, each installment to equal one per cent. of the face amount of the policy." The proof of disability, as required, is evidently a condition precedent to recovery on the policy, and no right in appellant to indemnity exists unless and until the provision as to proof be complied with.

The decisions of this state recognize that, when a policy makes the furnishing of proof of injury or loss a condition precedent to its enforcement, and the proof has been neither furnished nor waived, the insured fails to establish his right to recover on the policy. Scottish Union & National Insurance Co. v. Chaney, 83 Tex. 115, 18 S. W. 439; Delaware Underwriters & Westchester Fire Insurance Co. v. Brock, 109 Tex. 431, 211 S. W. 779; Commercial Union Assur. Co. Ltd. v. Preston (Tex. Civ. App.) 238 S. W. 326. We believe that, under the decisions above quoted, it is firmly established in the jurisprudence of this state that, under a policy containing the terms as this one does, the filing of proof of total and permanent disability is a condition precedent to recovery, and, in the event the same is not made or waived, that recovery by the insured should be denied.

The facts in this case, however, are not such as a court can determine, as a matter of law, that proof of total and permanent disability were made or waived, and, in fact, we are inclined to hold that the testimony shows that no proof was actually filed; thus leaving for the consideration of a court or jury as to whether the testimony raises the issue of waiver.

Manifestly, these requested charges carried to the attention of the trial court vital issues in this suit to establish the waiver; that is, the notice to the insurer of the insured's disability, offer of the insured to make the proof, and the refusal of the insurer to accept any proof which might be offered. These issues were directly on the question of whether the conditions were waived.

Appellant stated, in his testimony, that in February, 1930, he mailed a letter, properly addressed to the insurer, making demand on it for payment of the amount due, that he was disabled and entitled to compensation under the policy, and that he put the letter in a rural route mail box, and pulled the flag up.

It seems to be the holding of the courts of this state that proof of mailing a letter properly addressed and placed in a rural mail box raises the presumption of its receipt by the addressee. This rule is wise and salutary as, in the absence of such, in many cases, it would be a difficult task to make direct proof of the receipt of a letter that had been mailed. In the case at bar, the receipt of the letter was denied, or at least the testimony of the insurer's agents was to the effect that none was in the files

of the company, and they had no recollection of having received it. This testimony, in our opinion, presents an issuable fact for a determination of the jury.

While the charge submitting the issue, as quoted above, may have been framed differently so as to submit the issue of the mailing of the letter by the insured, and its receipt by the insurer, and to eliminate the emphasis that the charge attaches to the mailing, as testified to by the insured, yet, barring such technical objections, we are of the opinion that the charge is sufficently framed as to present the issuable fact of notice to the jury.

Appellant alone testified as to the mailing of the letter, and the insurer's agents' testimony raises a controverted issue as to its receipt. All of the testimony being from interested parties to the litigation, it matters not how positive and uncontradicted the testimony may be, the issue, nevertheless, raised by their testimony, should be submitted to the jury. Mills v. Mills (Tex. Com. App.) 228 S. W. 919; Cheatham v. Riddle, 12 Tex. 112; Guaranty State Bank v. Roark (Tex. Civ. App.) 243 S. W. 591; King v. Porter (Tex. Civ. App.) 256 S. W. 627; Rayner v. Posey (Tex. Civ. App.) 173 S. W. 246. The mailing of the letter was an issuable fact, as well as its receipt. However, if the letter was received, which the jury may have determined, then certainly it was mailed. The receipt of the letter necessarily implies a correlating finding that it was mailed. Under the circumstances of this case, the court could not assume that the letter was mailed, nor could it assume that it was received, but, if the jury should have determined that it was received, then evidently the court could have concluded by such finding that it was mailed.

In our opinion, the pleadings, as quoted above, and the evidence recited raise the issue of notice of disability having been mailed by the insured and its receipt by the insurer; therefore the court was not justified in refusing to submit the issue embodied in appellant's special charge No. 1.

 Appellant further testified that, on or about March 1, 1930, he went in person to the insurer's office at Fort Worth, Tex., went into its office and asked for the manager, or some one in authority. A man came in response to his call, and, in the course of their conversation, appellant referred to the letter he mailed and demanded payment of the indemnity under the policy; he did not know the name of the man to whom

he talked, but the man came out of the office and gave him to understand that he was not entitled to anything under the policy. He said that, quoting: "I had no claim against the company; that I did not have anything coming." Appellant further testified that he told him that he would submit to any examination to establish the proof of his injuries, feeling that he was entitled to compensation, and, in response thereto, the man said, quoting: "I did not have any claim at all against the company, and I was just wasting his time and my time, too."

Appellee contends that the related testimony is not admissible. The proposition urged is that the declarations of a person are not admissible, of themselves, to prove agency in such person. It is a sound proposition of law that, before a principal may be bound by the declaration of his agent, the agency must be shown independent of the declaration of the person claiming to be the agent, but it does not follow that the testimony violates the rule. The circumstances tend to show, independently of the declaration, that the man to whom appellant was talking was the insurer's agent. The person was, at the time, in the insurer's office, he was called and there talked about the policy and the insured's claim; the insured requested an interview with the manager, or some one in authority, and the person responding to the call denied liability under the policy.

In the case of M., K. & T. Ry. Co. v. Brown (Tex. Civ. App.) 155 S. W. 979, a similar contention was made, and the court said: "They (witnesses) were found where such agents are usually found, transacting the business of the roads, and their statements that they were such agents were therefore properly admitted," citing G. C. & S. F. R. Co. v. Looney, 51 Tex. Civ. App. 381, 115 S. W. 268. Also this court, in the case of Hines v. Chaddick (Tex. Civ. App.) 63 S.W. (2d) 263, in passing on declarations of a person made over a long-distance telephone, where the agent of the railroad company was called and, in response to the call, some party answered, we held (with full citation of authorities) that the circumstances established, independently of the declarations of the agent, that the person answering the call was the company's agent and that such declarations were therefore admissible.

█ In contradiction to this testimony, appellee's agent denied having ever seen appellant in the company's office, and, too, appellant, on cross-examination, raised some question as to whether he was in the insurer's

office at the time he was talking to the person about the policy. Such adverse testimony, in our opinion, raises issuable facts as to whether appellant went to the office and had the related conversation with appellee's agent. These issues were properly raised by the pleadings and evidence, as we interpret them, and were sufficiently presented for submission by appellant's special charges Nos. 2, 3, and 4, and should have been submitted for the determination of the jury.

The policy sued on, with reference to the waiver of the payment of the premiums, reads as follows: " * * * The Southern Union Life Insurance Company will, upon receipt of proof satisfactory to the company that the insured has, before default in the payment of any premium and before he shall have obtained the age of 60 years, become * * * disabled * * * waive payment of premiums as they thereafter become due. * * * "

We interpret this to mean that the company will waive payment of premiums as they become due upon satisfactory proof to the company that the insured has become disabled before default in payment of any premium and before he shall have attained the age of 60 years. The waiver of payment is predicated on condition that the insured's injury shall have occurred before forfeiture and before the insured reaches the age of 60 years. The policy does not state when the proof shall be made, or how it shall be furnished. It is true, the proof intended shall be made, or waived, but the waiver of the payment of the future premiums has for its forebearer only the time of the injury. It is in the record that appellant paid the annual premiums to October 18, 1930, he was injured January 27, 1930, and he had not reached the age of 60 years. Thus the policy did not lapse, and insured did not forfeit any rights thereunder for nonpayment of the premiums due and payable on October 18, 1930, and subsequent years.

It is the settled law of this state that a contract of insurance must be construed strictly against the insurer and liberally in favor of the insured, and all provisions tending to work a forfeiture must be construed strongly against the insurer, and, where the policy, as here, contains a provision for the waiving of the premiums thereunder, upon the insured becoming disabled, cannot be interpreted that the furnishing of proof of such disability is a condition precedent to the waiving of the premiums thereafter becoming due. We cannot give vent to appellee's contention that the provision works forfeiture of the indemnity on failure of the insured to make the proof and to pay the premiums after becoming disabled. In our opinion, his disability entitled him to a waiver of payment of all subsequent premiums.

We conclude that the issues of failure to give notice and the waiver of the due proof of disability are the dominant contentions here, and what we have said as to the sufficiency of the pleadings, the testimony and the proffered charges, as presenting these issues, the failure of the court in submitting appellant's special charges, present reversible error; therefore the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.